927 So.2d 412 (2005)
Kenneth JACKSON, et al.
v.
BASF CORPORATION, et al.
No. 2004 CW 2777R.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
Writ Denied March 24, 2006.
*413 Walter C. Dumas, Patti Durio Hatch, Baton Rouge, Richard E. Chaffin, Denham Springs, for Plaintiffs-Respondents Kenneth Jackson, et al.
Bradley C. Myers, Glenn M. Farnet, William R. D'Armond, Gina D. Banks, Mathile W. Abramson, Baton Rouge, for Defendants-Relators BASF Corporation and Phil C. Greeson.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
This matter comes before this court on remand from a supervisory and/or remedial writ from the Louisiana Supreme Court. At issue is the trial court's ruling of December 14, 2004, which set aside its earlier Order of October 6, 2004, that dismissed the plaintiffs' suit against defendants BASF Corporation and Phil C. Greeson. As a result of the trial court's December 14, 2004 ruling, the plaintiffs' action against said defendants was reinstated. Defendants thereafter applied for writs from this court, and ultimately, the Louisiana Supreme Court.
For the reasons set forth below, we reverse the trial court's ruling of December 14, 2004, and reinstate its earlier Order of October 6, 2004.

*414 FACTS AND PROCEDURAL HISTORY
The relevant dates and procedural history of this case are as follows:

December 30, 1999Kenneth Jackson, et al (plaintiffs herein) file a class action petition against BASF Corporation, Borden Chemical, Inc., Borden Chemicals and Plastics Limited Partnership, Borden Chemicals and Plastics Operating Limited Partnership, Phil C. Greeson (general manager of BASF Corp.), and Wayne P. Leonard (site manager for Borden, at Geismar, La.)

December 30, 1999Plaintiffs file a First Request for Production of Documents and Things against the defendants.

December 30, 1999Plaintiffs file an initial set of interrogatories directed towards the defendants.

January 5, 2000Plaintiffs file their First Supplemental and Amending Petition.

March 8, 2000Plaintiffs file a motion and accompanying memorandum to certify a class action and to set a status conference.

March 9, 2000The trial court sets a May 1, 2000 date to set forth a protocol for establishing discovery deadlines.

March 10, 2000Defendant, Phil C. Greeson, files various exceptions.

March 10, 2000Defendants, Borden Chemical, along with other Borden affiliate companies, and Wayne P. Leonard, file several peremptory exceptions.

March 10, 2000Defendants, Borden Chemical, along with other Borden affiliate companies, and Wayne P. Leonard, file a memorandum in support of their peremptory exceptions.

March 10, 2000Defendant, BASF Corporation, files an answer to the plaintiffs' petition and requests a trial by jury.

March 27, 2000Defendant, BASF Corporation, files several peremptory exceptions.

March 27, 2000Defendant, BASF Corporation, files Memorandum in support of its peremptory exceptions.

March 28, 2000The trial court signs an order setting the exceptions for hearing on May 1, 2000.

April 24, 2000Plaintiffs file a Motion for Continuance of the May 1, 2000 hearing.

May 4, 2000Defendants, Borden Chemical, along with other Borden affiliate companies, and Wayne P. Leonard, file an additional brief memorandum in support of their previously-filed peremptory exception objecting to the improper use of class action procedure.

May 4, 2000Defendants, Borden Chemical, along with other Borden affiliate companies, and Wayne P. Leonard, file a Motion and Order to Schedule Hearing on their exception as to the improper use of class action procedure.

May 11, 2000The trial court signs an order setting defendants' exceptions for hearing on July 5, 2000.

June 26, 2000Plaintiffs file a memorandum in opposition to defendants' exceptions.

September 20, 2000The trial court signs an order denying the exceptions and alternative motions filed by the defendants.

December 28, 2000The First Circuit Court of Appeal denies the writs taken by defendants in response to the trial court's September 20, 2000 order.

*415 January 17, 2001Defendants, Borden Chemical, along with other Borden affiliate companies, and Wayne P. Leonard, file, with plaintiffs' consent, a motion to continue without date the hearing on class action certification scheduled to commence on August 6, 2001.

January 19, 2001The trial court signs an order continuing the August 6, 2001, hearing without date.

March 9, 2001The Louisiana Supreme Court similarly denies the writs taken by defendants in response to the trial court's September 20, 2000 order.

On/or about April 3, 2001Defendants, Borden Chemical, along with other Borden affiliate companies, file a Voluntary Petition for Relief under Chapter XI in U.S. Bankruptcy Court for the District of Delaware. Pursuant to said filing, an automatic stay issued on any actions against any debtor in bankruptcy pursuant to XI USC § 362. Subsequent thereto both plaintiffs and BASF Corporation participated in some of the proceedings in bankruptcy court in Delaware.

October 4, 2004Defendants, BASF Corporation and Phil C. Greeson, file an ex parte motion to dismiss plaintiffs' suit against them on grounds of abandonment pursuant to La.Code Civ. P. art. 561, et seq., as amended.

October 6, 2004The trial court signs an order dismissing all claims and causes of actions set forth by plaintiffs against defendants, BASF Corporation and Phil C. Greeson.

November 4, 2004Plaintiffs file a motion to set aside the trial court's Judgment of Dismissal rendered October 6, 2004.

November 30, 2004Defendants, BASF Corporation and Phil Greeson file a memorandum opposing plaintiffs' motion to set aside the dismissal.

December 14, 2004The trial court issues a ruling vacating its October 6, 2004 order that dismissed plaintiffs' suit on the grounds of abandonment, and reinstates plaintiffs' cause of action against defendants, BASF Corporation and Phil C. Greeson.

April 4, 2005The First Circuit Court of Appeal denies the writ taken by defendants, BASF Corporation and Phil C. Greeson, with respect to the trial court's ruling of December 14, 2004. Judge McDonald dissents from the majority.

June 17, 2005The Louisiana Supreme Court grants the supervisory and/or remedial writ taken by defendants, BASF Corporation and Phil C. Greeson, and remands the matter to the First Circuit Court of Appeal, for briefing, argument, and opinion.

APPLICATION OF LEGAL PRINCIPLES
When a decision by a trial court involves a legal question, this court owes no deference to the legal conclusions of the trial court. Rather, appellate review regarding questions of law is simply review of whether the trial court was legally correct or legally incorrect. Phipps v. Amtrak, 94-1876, pp. 5-6 (La.App. 1 Cir. 11/20/95), 666 So.2d 341, 344, writ denied, 95-3012 (La.02/28/96), 668 So.2d 368.
Louisiana Code of Civil Procedure article 561 provides, in pertinent part, as follows:
A(1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding: . . .
(2) This provision shall be operative without formal order, but, on ex parte *416 motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. . . .
(3) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal.
La.Code Civ. P. art. 561.
This case involves no questions of fact, and all parties agree that plaintiffs took no action in this proceeding from March 9, 2001, when the Louisiana Supreme Court denied BASF and Phil C. Greeson's Application for Writs of the trial court's Order of September 20, 2000, until October 4, 2004, when BASF and Phil C. Greeson filed an ex parte motion to dismiss the suit on the grounds of abandonment. This is a period longer than three years pursuant to La.Code Civ. P. art. 561.
Plaintiffs contend that they were excused from taking action in this proceeding due to the automatic stay issued pursuant to XI USC § 362 in the bankruptcy proceeding of the co-defendants or joint tortfeasors that was filed in Delaware on April 3, 2001. BASF and Phil C. Greeson were not the debtors in bankruptcy. BASF and Greeson contend that the automatic stay issued in the separate bankruptcy proceeding did not relieve plaintiffs of their obligation to take some action in this proceeding to avoid abandonment pursuant to La. Code Civ. P. art. 561. BASF and Greeson are correct.
To prevent abandonment, La.Code Civ. P. art. 561 imposes three requirements on plaintiffs. Succession of Wright, 37,670 p. 3, (La.App. 2 Cir. 09/24/03) 855 So.2d 926, 928-29, writ denied, 03-2969 (La.01/16/04), 864 So.2d 632, citing Clark v. State Farm Mutual Automobile Insurance Company, 00-3010 pp. 5-6, (La.05/15/01), 785 So.2d 779, 784. First, plaintiffs must take some "step" towards prosecution of their lawsuit. Id. A "step" is a formal action before the court that is intended to hasten the suit towards judgment, or the taking of a deposition with or without formal notice, or requesting discovery materials. See Wright, citing La.Code Civ. P. art. 1446(D) and La.Code Civ. P. art. 1474(C)(4). Second, the "step" must be taken in court where the suit is pending, and except for formal discovery, must appear in the suit record. Third, the "step" must be taken within the legislatively prescribed time period. Id.
As previously mentioned, the plaintiffs herein concede, and the record reflects, that plaintiffs did not take any step towards the prosecution of their lawsuit for over three years prior to the ex parte motion to dismiss filed by the defendants, BASF and Greeson.
The only two categories of causes outside the record satisfy the jurisprudential exceptions to the abandonment rule: (1) a plaintiff-oriented exception, based upon contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception based upon acknowledgement that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with intent to treat the case as abandoned. Clark, 00-3010 at p. 7, 785 So.2d at 784-85.
Plaintiffs contend that they fall within the ambit of these exceptions due to the automatic stay issued in the bankruptcy case of other co-defendants in Delaware, pursuant to XI USC § 362. Pursuant to La.Code Civ. P. art. 561, it is the plaintiff's burden to prove the applicability of one of these exceptions.
*417 Federal law provides that the automatic stay authorized by XI USC § 362 applies only to the bankrupt party and does not apply to non-bankrupt co-defendants. Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir.1983). It is well settled in this circuit that the bankruptcy of a co-defendant does not relieve a plaintiff from taking steps in the prosecution of his case against the remaining defendants within the time period prescribed by La. Code Civ. P. art. 561. See Sassau v. Louisiana Workover Service, Inc., 607 So.2d 809, 812 (La.App. 1 Cir.1992), writ denied, 609 So.2d 259. Plaintiffs did not introduce any evidence to suggest that the automatic stay issued by the Delaware bankruptcy court extended protection to the non-bankrupt co-defendants in the instant case, BASF and Phil C. Greeson. Plaintiffs further failed to introduce any evidence that defendants, BASF and/or Phil Greeson, waived their rights to assert abandonment or took actions inconsistent with an intent to treat the case as abandoned. Therefore, we conclude that plaintiffs failed to carry their burden and prove an exception to the abandonment rule pursuant to La. Code Civ. P. art. 561, and set forth in Clark, 00-3010 at p. 7, 785 So.2d at 784-85. We further conclude that the trial court committed legal error by issuing its Order of December 14, 2004, that set aside its Order of October 6, 2004, and reinstated plaintiffs' cause of action against the defendants, BASF and Phil C. Greeson.

CONCLUSION AND DECREE
For the foregoing reasons, we grant relators' writ application. We reverse the trial court's Order of December 14, 2004, and reinstate the trial court's Order of October 6, 2004, dismissing without prejudice the plaintiffs' causes of action against BASF Corporation and Phil C. Greeson. All costs of these proceedings shall be assessed against the plaintiffs, Kenneth Jackson, et al.
WRIT GRANTED.