924 So.2d 277 (2006)
Michael A. VOISIN, Sr.
v.
INTERNATIONAL COMPANIES & CONSULTING, INC. d/b/a International Construction Services, Inc. and Michael Williams.
No. 2005 CA 0265.
Court of Appeal of Louisiana, First Circuit.
February 10, 2006.
Rehearing Denied March 30, 2006.
*278 Rebecca N. Robichaux, Raceland, for Plaintiffs-Appellants, Maxine Thibodaux Voisin, Terri Voisin Goodroe, Sherry Voisin Clement, and Michael Anthony Voisin, Jr.
Edward C. Abell, Jr., Lafayette, for Defendants-Appellees, International Companies & Consulting, Inc. d/b/a International Construction Services, Inc. and Michael Williams.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
*279 CARTER, C.J.
The sole issue in this appeal is whether plaintiffs' suit was abandoned pursuant to LSA-C.C.P. art. 561.

BACKGROUND
This case arises out of a dispute regarding salary and profits allegedly due pursuant to an employment contract between Michael A. Voisin, Sr. (Voisin) and Michael Williams at International Companies & Consulting, Inc. d/b/a International Construction Services, Inc. (collectively referred to as "International"). Voisin filed suit against International for breach of contract on June 17, 1999. International answered the lawsuit and both parties participated in discovery.
On March 14, 2001, two depositions were taken. Voisin took the first deposition of the defendant, Michael Williams, and International took the second deposition of Don Pitre, a non-party witness. Pitre reserved the right to read and sign his deposition testimony at a later date, which he did on May 14, 2001. On May 15, 2001, the court reporter distributed a letter advising that Pitre made one change to the deposition transcript.
Voisin died on April 19, 2002. Almost two years later, on April 1, 2004, Voisin's surviving spouse and three adult children (collectively referred to as "plaintiffs") filed a motion to substitute themselves as proper plaintiffs in the lawsuit. On the same date, plaintiffs also filed a motion to set the case for a pre-trial conference. The trial court signed an order allowing plaintiffs to be substituted for Voisin on April 21, 2004, taking judicial notice of the September 27, 2002 judgment of possession rendered and signed in Voisin's succession proceedings under a separate docket number. Additionally, the trial court scheduled a pre-trial conference in the case for August 13, 2004.
Meanwhile, on May 27, 2004, International filed an ex parte motion to dismiss the lawsuit for want of prosecution. The trial court signed an order dismissing plaintiffs' lawsuit, concluding that the case had been abandoned pursuant to LSA-C.C.P. art. 561. The trial court found that no action had been taken in the prosecution or defense of plaintiffs' claims for over three years, from the date the depositions were taken on March 14, 2001, until the filing of the motion to substitute parties on April 1, 2004.[1] Plaintiffs appealed, contending that the signing of the deposition and amendment to the transcription by the non-party witness, Pitre, on May 15, 2001, constituted a "step" in the prosecution of the case so as to preclude dismissal for abandonment.

STANDARD OF REVIEW
The issue in this appeal concerns a question of law. Therefore, this court is required to determine whether the trial court applied the law appropriately. The scope of appellate review for issues of law is simply to determine whether the trial court's interpretative decision is legally correct. Cangelosi v. Allstate Ins. Co., 96-0159 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375. Furthermore, *280 if the trial court's decision is based on an erroneous application of law rather than on a valid exercise of discretion, the decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-72 (La. 1983); Faust v. Greater Lakeside Corp., 03-0808 (La.App. 4 Cir. 11/26/03), 861 So.2d 716, 718.

DISCUSSION
Louisiana Code of Civil Procedure Article 561 provides in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
* * *
(2) This provision shall be operative without formal order, but, on an ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
* * *
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
(Emphasis added.)
In Clark v. State Farm Mutual Automobile Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 784, the supreme court discussed three legal requirements that LSA-C.C.P. art. 561 imposes on plaintiffs: (1) a plaintiff must take some step toward the prosecution of a lawsuit; (2) the step must be taken in the proceedings and appear in the record of the suit, unless the action is formal discovery; and (3) the step must be taken within the legislatively-prescribed time period from the last step taken by either the plaintiff or the defendant. In this context, a "step" is defined as taking formal action before the court, which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Paternostro v. Falgoust, 03-2214 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, 21, writ denied, 04-2524 (La.12/17/04), 888 So.2d 870.
There are two exceptions to the abandonment rule set forth in LSA-C.C.P. art. 561. The first exception is based on the concept of contra non valentem, and it is applicable in situations where the plaintiff is prevented by circumstances beyond his control from prosecuting the case. The second exception is applicable when the defendant waives the right to assert abandonment by taking actions inconsistent with the intent to treat the case as abandoned. Clark, 785 So.2d at 784-85. The jurisprudence has uniformly held that LSA-C.C.P. art. 561 is to "be liberally construed in favor of maintaining a plaintiff's suit." Id. at 785. Additionally, the supreme court has declined to allow suits to be dismissed as abandoned based on technical formalities. Id. at 786. Any action or step taken to move the case toward judgment should be considered. LSA-C.C.P. art. 561 was not intended to dismiss those cases in which the plaintiff has clearly demonstrated that he does not intend to abandon the action. Jones v. Phelps, 95-0607 (La.App. 1 Cir. 11/9/95), 665 So.2d 30, 34, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104.
In this case, the trial court found that the last step taken in connection with plaintiffs' claim against International was the taking of two depositions on March 14, *281 2001. Each party participated in this step, because both parties noticed one deposition for that particular day. Thus, International contends that the suit was abandoned as of March 14, 2004 under LSA-C.C.P. art. 561, since neither party took any further steps in connection with the case during a three-year period.
To the contrary, plaintiffs argue that Pitre's May 14, 2001 signature on the deposition certificate and his correction of the deposition transcript, documented by the court reporter on May 15, 2001, were the actual last steps taken in the case. We disagree. Pitre is not a party in this lawsuit, and neither is the court reporter. The last step taken by a party in this lawsuit before the three-year period lapsed, was the taking of the depositions on March 14, 2001. To avoid abandonment, the Code of Civil Procedure clearly requires action by the parties to the lawsuit. LSA-C.C.P. art. 561B and LSA-C.C.P. art. 1446D[2] expressly provide that the taking of a deposition is a step in the prosecution or defense of the action, not the transcription, signing, or correction of the deposition. See Hica Steel Foundry & Upgrade Co. v. Arklatex Environmental Consultants, Inc., 39,460 (La.App. 2 Cir. 4/6/05), 899 So.2d 802, 805-06; and Williams v. Abadie, 03-0605 (La.App. 4 Cir. 9/24/03), 857 So.2d 1118, 1121. The act of signing or correcting a deposition does not hasten the case to judgment, it merely helps prepare the deposition testimony for future use at trial. Cf. Paternostro v. Falgoust, 897 So.2d at 22, wherein we labeled motions to terminate, enroll, and substitute counsel as preparatory actions, not actual steps that hasten the matter to judgment.
Additionally, we conclude that neither jurisprudential exception to the abandonment rule applies in this case. Plaintiffs were not prevented, by circumstances beyond their control, from prosecuting the case during the three-year time period after the depositions were taken on March 14, 2001. Voisin could have filed a motion to set the case for a pretrial conference anytime up to his death on April 19, 2002; however, the record is void of any action taken by Voisin or any party after March 14, 2001. Plaintiffs could have filed their motion to substitute themselves as party-plaintiffs as early as the date of the judgment of possession, which was rendered in separate succession proceedings on September 27, 2002. Instead, plaintiffs waited another year-and-a-half before filing their motion to substitute on April 1, 2004. Likewise, there is no evidence in the record that International waived its right to assert abandonment by taking inconsistent action during the three-year period. Therefore, we agree with the trial court that this suit was abandoned as of March 14, 2004.

CONCLUSION
Based on the foregoing, we affirm the trial court's decision and judgment dismissing plaintiffs' suit without prejudice on the grounds of abandonment under LSA-C.C.P. art. 561. Costs of this appeal are to be paid by plaintiffs/appellants.
AFFIRMED.
NOTES
[1] The trial court initially signed the order of dismissal on June 1, 2004; however, that order was set aside solely because it dismissed the case with prejudice rather than without prejudice. See St. Tammany Parish Sewerage District No. 7 v. Monjure, 95-0937 (La.App. 1 Cir. 12/15/95), 665 So.2d 801, 802, requiring such a dismissal to be without prejudice. After a hearing on October 26, 2004, the trial court signed an order of dismissal on December 9, 2004, and a final judgment ordering dismissal without prejudice was signed on January 5, 2005.
[2] Louisiana Code of Civil Procedure Article 1446D refers to and mirrors the language of Article 561, providing: "The taking of a deposition shall be considered a step in the prosecution or defense of an action for the purposes of Article 561, notwithstanding that the deposition is not filed in the record of the proceedings." (Emphasis added.)