ARDENE WILLIAMS, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILDREN, KATONDRA K. REDDIX AND JOSEPH R. GOODLOW
v.
CLIFFORD P. TEMPLE, JR., WILD TRUCKING AND CONSTRUCTION, INC. AND SCOTTSDALE INDEMNITY COMPANY.
No. 2007 CA 1209.
Court of Appeal of Louisiana, First Circuit.
March 5, 2008.
Not Designated for Publication
MARK D. PLAISANCE, Counsel for Plaintiffs/Appellants Ardene Williams, individually, and on behalf of her minor children, Katondra K. Reddix and Joseph R. Goodlow.
LEROY J. LAICHE, Jr., RICHARD E. FARMER, JACK E. CHAPPUIS, Jr. Counsel for Defendants/Appellees Clifford P. Temple, Jr. and Scottsdale Insurance Company.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
Plaintiff, Ardene Williams, individually and on behalf of her minor children, Katondra Reddix and Joseph Goodlow (Williams), appeals a judgment that dismissed with prejudice, as abandoned, her civil action against defendants, Clifford P. Temple, Jr., Wild Trucking and Construction, Inc., and Scottsdale Insurance Company (Temple). For the following reasons, we vacate the judgment and remand for further proceedings.

STANDARD OF REVIEW
The sole issue of this appeal is whether plaintiffs suit was abandoned pursuant to LSA-C.C.P. art. 561. When the determination is a question of law, the appellate court is required to determine whether the trial court applied the law appropriately. On issues of law, our scope of review is to determine whether the trial court's decision is legally correct. Voisin v. International Companies & Consulting, Inc., 05-0265, p. 3 (La.App. 1 Cir. 2/10/06), 924 So.2d 277, 279. If the trial court's decision is based on an erroneous application of law, the decision is not entitled to any deference by the reviewing court. Id., 05-0265 at 4-5, 924 So.2d at 280. However, when the determination is fact specific and requires credibility determinations, the manifest error rule applies. See Stobart v. State Dep't of Transp. and Dev., 617 So.2d 880, 882 (La. 1993). For an appellate court to reverse a trial court's factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987).

DISCUSSION
Louisiana Code of Civil Procedure article 561 provides, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
***
(2) This provision shall be operative without formal order, but on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. ...
***
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action. (Emphasis added.)[1]
Plaintiffs filed suit on August 28, 2002, for damages resulting from an automobile accident occurring on August 28, 2001. Defendants filed an answer on October 16, 2002. On January 17, 2003, defendants filed a motion to compel answers to discovery that they had propounded to plaintiffs on October 21, 2002. The hearing on this motion was set for February 24, 2003, reset for March 24, 2003, and continued without date.
From the record, the next activity occurred on August 28, 2006, when defendants filed a motion to dismiss the suit on grounds of abandonment pursuant to LSA-C.C.P. art. 561. The court set the matter for a show cause hearing on October 23, 2006, but the hearing was postponed until November 30, 2006. At some point between 2003 and 2006, plaintiff's original attorney, Richard Fanner, was replaced with Leroy Laiche.[2]
At the November hearing, Mr. Laiche testified that on August 24, 2005, he served defendants' counsel with a request for the production of documents by mailing a copy to his Metairie address.[3] The defendants' counsel claimed to have never received the request.
After hearing testimony and argument of counsel, the trial court ruled in favor of defendants and dismissed the action. The transcript reflects that when ruling on the motion, the trial court stated: "I think that under the Code it was incumbent upon Mr. Laiche to file something in the record at that time to show that the request was sent out. ... I believe it's [incumbent] upon a plaintiff to have some documentation showing that it was mailed out and received by defendant and put something in the record."
Louisiana Code of Civil Procedure article 561 does not require that notice be filed in the record to interrupt the running of the three-year period for abandonment when the interruption is the result of propounded formal discovery. And a request for production of documents is one of the recognized methods of formal discovery. LSA-C.C.P. arts. 1421, 1461, 1462. LSA-C.C.P. art. 561(B) states that formal discovery is deemed to be a step in the prosecution or defense of an action when served on all parties, whether or not filed of record.
Appellees contend that LSA-C.C.P art. 1313(B) requires that a certificate of the manner in which service was made must be filed in the record to interrupt the running of the abandonment. Appellees try to distinguish Breaux v. Auto Zone, Inc., 00-1534 (La.App. 1 Cir. 12/15/00), (per curiam) 787 So.2d 322, which clearly states "the failure to file a certificate of service does not preclude the correspondence from being considered a step in the prosecution of the suit." Id. at p. 7, 787 So.2d at 326. Breaux is directly on point and applicable. See also, Slaughter v. Edison Chouest Offshore, Inc., 03-0583, p. 4 (La.App. 1 Cir. 2/14/03), 845 So.2d 425, 428. LSA-C.C.P. art. 1474(B) specifically states that certain types of discovery shall not be filed in the record and further states that the party responsible for service of the discovery materials shall retain the original and become the custodian of such materials. Comment (c) of the Official Revision Comments-1960 to LSA-C.C.P. art. 1313 recognizes that the certificate is a statement of the method of service, which may be made by endorsement on the pleading served or on a separate page annexed to the pleading. If a pleading is filed in the record, the endorsement is on or with that pleading. If the party responsible for service is the custodian of such materials, the pleading shall have a certificate of service on it, but the attorney is not required to file a separate document of service into the record.
We are unable to determine, from the trial court's statements in open court, whether the court's ruling was based on a possibly erroneous application of law requiring that formal discovery have documentation in the record showing that it was sent to the other party, or whether the court simply did not believe that the plaintiff had proven that, more probably than not, the request for production was mailed.
Because we are unable to determine whether the trial court misapplied the law, we vacate the trial court's judgment and remand for the court to make the factual determination required by LSA-C.C.P. art. 561(B): whether formal discovery was served. Testimony of an attorney, alone, if believed by the trial court, could be sufficient to carry the plaintiffs burden of proof. However, the lack of documentation showing that discovery was mailed may be a factor in determining an attorney's credibility. The court may also consider whether the 2007 amendment to LSA-C.C.P. art. 561 might be applicable to this case.

DECREE
Accordingly, we vacate the trial court's judgment and remand this matter for further proceedings in accordance with this opinion. The costs of this appeal are assessed to the parties in equal proportions.
VACATED AND REMANDED
KUHN, J., concurring.
I concur in the remand solely to allow the trial court to consider the issue of whether the amendment by La. Acts 2007, No. 361, § 1, with an express effective date of July 9, 2007, is applicable under the facts of this case. According to the pertinent provisions of the present version of Article 561 A(2):
If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....
I disagree with a remand for the trial court to make the factual determination on whether formal discovery was served and that the "[t]estimony of an attorney, alone, if believed by the trial court, could be sufficient to carry the plaintiff's burden of proof." The trial judge specifically stated, "[t]here is no cover letter, nothing further that [plaintiffs attorney] can produce other than a copy of this request for production that he states that his office mailed out. The Court finds that that is not sufficient...." (Emphasis added; court reporter's paragraph break omitted.) As I read the trial judge's oral reasons for judgment, he accepted the testimony of plaintiffs attorney as true and nevertheless determined the action was abandoned. Thus, under an application of Article 561 prior to its amendment by La. Acts 2007, No. 361, § 1, given that it is undisputed that defendants never received the request for production, the issue squarely before this court would be whether the trial court legally erred in requiring that the mailing of formal discovery be documented in some manner so as to evince that it was sent to the other party. Under circumstances such as those before us where it is undisputed that plaintiff's request for production was not received by defendants, the record is devoid of any documentary evidence to support the testimony of plaintiff's attorney stating that he mailed it out, and plaintiff did not file a certificate setting forth the manner in which service was made as required by La. C.C.P. art. 1313B or produce a cover letter, a receipt of mailing, or the testimony of the person in his office who mailed the discovery, the trial court correctly dismissed plaintiff's claim as abandoned. See Padua v. Gray, 07-0824 (La. App. 4th Cir. 1/16/08), ___ So.2d ___.
In determining whether a law may be applied retroactively, courts are guided by La. C.C. art. 6 which provides as follows:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
See also La. R.S. 1:2.
Article 6 requires a two-step inquiry: (1) did the legislature express its intent regarding retrospective or prospective application, and (2) if not, is the law substantive, procedural or interpretive. Substantive laws establish new rules, rights and duties or change existing ones. Procedural laws prescribe a method (remedy) for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Interpretive laws merely establish the meaning the interpreted law had from the time of its enactment. Wooley v. Amcare Health Plans of Louisiana, Inc., 05-2025, p. 7 (La. App. 1st Cir. 10/25/06), 944 So.2d 668, 673. Under a cursory application of this methodology, it appears that La. Acts 2007, No. 361, § 1 is procedural and, thus, entitled to retroactive effect. But because the issue has not been briefed, I concur in the remand to allow an opportunity for a full hearing on whether Article 561A(2) may be retroactively applied to the facts of this case.
NOTES
[1] The cited wording is prior to the article's amendment 2007 La. Acts, No. 361, § 1 effective July 9, 2007.
[2] Mr. Laiche was never officially enrolled as counsel of record, nor did Mr. Farmer officially withdraw.
[3] Hurricane Katrina occurred on August 29, 2005.