CARTER, C.J.
 

 1 aPlaintiff appeals a judgment dismissing her petition on grounds of abandonment, claiming that the defendants’ participation in informal discussions/correspondence attempting to schedule depositions constituted a “step” in the litigation proceedings or a waiver. For the reasons that follow, we amend and, as amended, we affirm.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 Bonnie Jones Jackson (plaintiff) filed suit on April 21, 2008, alleging that she suffered physical injuries and mental suffering when an employee of Finder’s Keepers Market (Finder’s Keepers), Theresa Moock (Moock), struck her while she was shopping. In addition to Moock and Finder’s Keepers, plaintiff named the liability insurer for Finder’s Keepers, State Farm Fire and Casualty Company (State Farm), as defendants. Moock answered the lawsuit on May 27, 2003, and State Farm answered on September 23, 2003. State Farm filed a motion and order to withdraw and enroll counsel on October 6, 2004. Nothing else appears in the record until February 11, 2008, when Moock and State Farm (collectively referred to as defendants) filed an ex parte motion for dismissal due to abandonment.
 

 In connection with their motion for dismissal, defendants alleged and their counsel verified by affidavit, that no action had been taken in the prosecution or defense of the case for a period of three years. Defendants asserted in their motion and supporting memorandum that the last action taken was a notice of deposition, subpoena, and subpoena duces tecum filed by plaintiff on August 17, 2004; however, the record does not contain a copy of any such action. Defendants also averred that plaintiff filed a notice of deposition on October 23, 2007, well after three years had elapsed since the |sIast action; however, the record does not contain a copy of any notice of deposition.
 

 Plaintiff promptly filed an opposition to defendants’ motion for dismissal due to abandonment, arguing that defendants had failed to inform the trial court of correspondence in February 2007 between counsel for plaintiff and defendants regarding an attempt to schedule two depositions. Plaintiff maintained that the correspondence amounted to “informal discovery” requests and responses, and as such, should be considered a step in the prosecution of the lawsuit or a waiver of the right to claim abandonment. We note, however, that while the correspondence was referenced in plaintiffs memorandum in opposition as exhibits, the letters were not attached to the memorandum.
 

 The trial court heard the motion for dismissal due to abandonment on March 10, 2008. No evidence was introduced at the hearing. After reviewing the record,
 
 *843
 
 considering the memoranda, and hearing argument, the trial court granted defendants’ motion, dismissing plaintiffs lawsuit with prejudice. A judgment was signed on March 24, 2008, and plaintiff timely appealed.
 

 Plaintiff argues on appeal that the trial court erred in granting the motion to dismiss because the parties actively engaged in the scheduling of depositions prior to the running of the three-year abandonment period, thereby demonstrating a clear effort and intent to move the case forward. Plaintiff also maintains that defendants waived their right to assert abandonment when their counsel actively participated in the scheduling of depositions after the three-year abandonment period. For the following ^reasons, we find no error in the trial court’s determination that plaintiff abandoned this lawsuit.
 

 STANDARD OF REVIEW
 

 The issue in this appeal concerns a question of law. The scope of appellate review for an issue of law is simply to determine whether the trial court’s interpretative decision is legally correct.
 
 Voisin v. International Companies & Consulting, Inc.,
 
 05-0265 (LaApp. 1 Cir. 2/10/06), 924 So.2d 277, 279,
 
 unit denied,
 
 06-1019 (La.6/30/06), 933 So.2d 132. An appellate court owes no deference to the legal conclusions of the trial court.
 
 Jackson v. BASF Corp.,
 
 04-2777 (LaApp. 1 Cir. 11/4/05), 927 So.2d 412, 415,
 
 writ denied,
 
 05-2444 (La.3/24/06), 925 So.2d 1231.
 

 LAW AND ANALYSIS
 

 Abandonment is a device that the Legislature adopted to put an end to the filing of a lawsuit in order to interrupt prescription and then let the suit linger perpetually over the head of the defendant.
 
 Clark v. State Farm Mutual Ins. Co.,
 
 00-3010 (La.5/15/01), 785 So.2d 779, 786. The current version of Louisiana Code of Civil Procedure Article 561
 
 [1]
 
 governs abandonment and provides, in pertinent part, as follows:
 

 A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
 

 [[Image here]]
 

 (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
 

 [[Image here]]
 

 |SB. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
 

 The Louisiana Supreme Court has held that LSA-C.C.P. art. 561 is self-executing; thus, abandonment occurs automatically upon the passing of three years without either party taking a step and is effective without court order.
 
 Clark,
 
 785 So.2d at 784. Therefore, it is unnecessary for a defendant to file a motion to dismiss with the court in order to make a plaintiffs abandonment of the case effective.
 
 Washington v. City of Baton Rouge,
 
 99-1987
 
 *844
 
 (La.App. 1 Cir. 2/18/00), 752 So.2d 367, 369.
 

 Three legal requirements imposed by LSA-C.C.P. art. 561 are: (1) a plaintiff must take some step toward the prosecution of their lawsuit; (2) the step must be taken in the proceeding and appear in the record of the suit, unless the action is formal discovery; and (3) the step must be taken within the legislatively-prescribed time period from the last step taken by either the plaintiff or the defendant.
 
 Clark,
 
 785 So.2d at 784. In this context, a “step” is defined as taking formal action before the court, which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice.
 
 Voiain,
 
 924 So.2d at 280.
 

 There are two jurisprudential exceptions to the abandonment rule. The first is a plaintiff-oriented exception, based upon
 
 contra non valentem,
 
 that applies when the failure to prosecute is caused by circumstances beyond the plaintiffs control. The second exception is defense-oriented, based upon acknowledgement that applies when the defendant waives the right to assert abandonment by taking actions inconsistent with intent to treat the case as abandoned.
 
 Clark,
 
 785 So.2d at 784-785. Additionally, the supreme court | r,has declined to allow suits to be dismissed as abandoned on technical formalities.
 
 Id.
 
 at 786. Any action or step taken to move the case toward judgment should be considered, because LSA-C.C.P. art. 561 should not be used to dismiss those cases in which the plaintiff has clearly demonstrated no intent to abandon the action.
 
 Voimi,
 
 924 So.2d at 280.
 

 This case does not involve any questions of fact. Plaintiff contends that correspondence exchanged between counsel regarding the attempted scheduling of two depositions should be considered “steps” in the prosecution of this lawsuit.
 
 [2]
 
 There is no indication in the record, the minutes, or judgment that any of the attachments to plaintiffs memorandum in opposition to the motion to dismiss were offered into evidence at the hearing on that motion. Thus, the record actually contains no copies of the correspondence at all, but defendants acknowledge the existence of the correspondence in their motion to dismiss and supporting memorandum. Therefore, the fact that the correspondence was exchanged is not disputed. We note that it appears the trial court actually examined and considered the correspondence that was exchanged between counsel because in its oral reasons for judgment, the trial court found that no formal discovery was done in this case and concluded that the informal correspondence did not qualify as a “step” even if it was filed into the court record. We agree with the trial court’s well-reasoned conclusion, because “extrajudicial efforts,” such as informal discussions and correspondence between the parties, have |7uniformIy been considered insufficient to constitute a step for purposes of interrupting or waiving abandonment.
 
 See Clark, 785
 
 So.2d at 790.
 

 No depositions were actually taken, noticed, or even scheduled before the automatic expiration of the three-year abandonment time period in this case. We held in
 
 Voisin,
 
 924 So.2d at 281, that the acts of transcribing, signing, or correcting a depo
 
 *845
 
 sition
 
 after
 
 it is taken do not hasten a case to judgment, and are, therefore, not considered “steps” in the prosecution of a case. Similarly, we now conclude that simply attempting to schedule a deposition through informal correspondence, discussions, or negotiations
 
 before
 
 a formal notice of deposition is filed or mailed or the deposition actually takes place, is not enough to constitute a step in the prosecution of a case for purposes of interrupting or waiving abandonment.
 
 See Satterthwaite v. Byais,
 
 05-0010 (La.App. 1 Cir. 7/26/06), 943 So.2d 390, 394-396;
 
 Parson v. Daigle,
 
 96-2569 (La.App. 1 Cir. 12/29/97), 708 So.2d 746, 748;
 
 Barrois v. Burrus,
 
 02-1367 (La.App. 3 Cir. 6/11/03), 854 So.2d 941, 944,
 
 writ denied,,
 
 03-1984 (La.10/31/03), 857 So.2d 486.
 

 The ongoing informal discussions and correspondence regarding the scheduling of depositions did not prevent plaintiff from taking some formal action in or before the trial court to hasten the matter to judgment.
 
 See Chevron Oil Co. v. Traigle,
 
 436 So.2d 530, 533 (La.1983);
 
 Isaac v. Benson Chevrolet Co.,
 
 04-419 (La.App. 5 Cir. 9/28/04), 885 So.2d 38/41;
 
 Gallagher v. Cook,
 
 34,158 (La.App. 2 Cir. 12/15/00), 775 So.2d 79, 83. Furthermore, the depositions never actually took place, so there was obviously nothing binding upon either party when they attempted, through correspondence, to schedule the depositions for some time in the future.
 
 See Hica Steel Foundry & Upgrade Co. v. Arklatex Environmental
 
 1
 
 s Consultants, Inc.,
 
 39,460 (La. App. 2 Cir. 4/6/05), 899 So.2d 802, 807, wherein a letter written to suggest “future discovery” was held not to be a step in the prosecution of the case.
 
 See also, Alexander v. Liberty Terrace Subdivision, Inc.,
 
 99-2171 (La.App. 4 Cir. 4/12/00), 761 So.2d 62, 65, wherein the “mere mailing of correspondence” regarding settlement authority updates was held to be extrinsic evidence deemed insufficient to prevent abandonment. Likewise, we find that the type of informal discussions or correspondence attempting to schedule depositions at issue in this case is insufficient to constitute a step for purposes of interrupting abandonment.
 

 We also find no merit to plaintiffs argument that defendants waived their right to claim abandonment when defense counsel participated in scheduling the depositions after the three-year abandonment period had already accrued. Plaintiff maintains that she mailed a notice of deposition to defendants and filed the notice in the record on October 23, 2007. Once again, there is no evidence of any notice of deposition in the record. Nevertheless, it is well settled that actions taken by a plaintiff after abandonment has automatically accrued by operation of law are without effect and cannot revive an abandoned action.
 
 Paternostro,
 
 897 So.2d at 24.
 

 The parties’ informal negotiations that led to the scheduling of the depositions and plaintiffs filing of a notice of deposition after the accrual of the three-year period did not constitute a waiver of defendants’ right to plead abandonment of plaintiffs claims against them. Defendants’ alleged agreement to a date for the depositions is not tantamount to any expression of willingness or consent to achieve a judicial resolution to this case.
 
 See
 
 |
 
 ^Gallagher,
 
 775 So.2d at 83, wherein a request for an agreement to mediate a claim was not a waiver of the right to claim abandonment.
 
 See also In re Succession of Wright,
 
 37,670 (La.App. 2 Cir. 9/24/03), 855 So.2d 926, 930,
 
 writ denied,
 
 03-2969 (La.1/16/04), 864 So.2d 632, wherein an appearance by a defendant at a deposition noticed after the three-year abandonment did not represent an intent to waive the right to assert abandonment.
 
 *846
 
 Therefore, we conclude that the trial court properly dismissed plaintiffs case as abandoned.
 

 CONCLUSION
 

 Based on our above-outlined discussion, we find no error in the trial court’s granting of defendants’ motion to dismiss plaintiffs action as abandoned. However, we note that the jurisprudence provides that a trial court is without authority to dismiss an action with prejudice for failure to prosecute.
 
 Paternostro,
 
 897 So.2d at 24;
 
 St. Tammany Parish Sewerage Dist. No. 7 v. Monjure,
 
 95-0937 (La. App. 1 Cir. 12/15/95), 665 So.2d 801, 802. As such, the trial court erred in dismissing plaintiffs action with prejudice. Therefore, we amend the judgment to delete the words “with prejudice” and to substitute the words “without prejudice.” In all other respects, the trial court’s judgment is affirmed. All costs of this appeal are to be paid by plaintiff, Bonnie Jones Jackson.
 

 AMENDED AND, AS AMENDED, AFFIRMED.
 

 [1]
 

 . Louisiana Code of Civil Procedure Article 561 has been amended numerous times, most recently by Acts 2007, No. 361, § 1, effective July 9, 2007.
 

 [2]
 

 . Plaintiff does not dispute clearly-established jurisprudence holding that motions to withdraw, enroll, or substitute counsel are not considered formal steps before the court. Therefore, the October 6, 2004, motion to withdraw and enroll counsel did not constitute a step in the prosecution of this case.
 
 Paternostro v. Falgoust,
 
 03-2214 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, 22,
 
 writ denied,
 
 04-2524 (La. 12/17/04), 888 So.2d 870.