WELCH, J.,
concurs.
U respectfully concur in the result reached in this case. I do not believe the action was abandoned and therefore find it unnecessary to address the waiver issue.
An action is abandoned when the parties fail to take a step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561(A). Formal discovery authorized by the Code and served on all parties whether or not filed of record shall be deemed a step in the prosecution or defense of an action. La. C.C.P. art. 561(B). During the three-year abandonment period identified by defendants, plaintiffs’ attorney served a request for production of documents on defendants’ attorney by certified mail, e-mail, and fax transmission. Clearly, a request *775 for production of documents is formal discovery deemed to be a step in the prosecution of the action for the purpose of La. C.C.P. art. 561(B). See Williams v. Temple, 2007-1209, p. 2 (La.App. 1st Cir 3/5/08), 977 So.2d 308 (unpublished); Moore v. Eden Gardens Nursing Center,’ 32,762, p. 3 (La.App. 2nd Cir.6/25/03), 850 So.2d 998, 1000. Additionally, during the abandonment period, plaintiffs’ attorney and defendants’ attorney held a discovery conference pursuant to Rule 10.1 in an attempt to amicably resolve the discovery dispute. Holding of a 10.1 conference, which is required by the uniform local rules as a prelude to the filing of a motion to compel, in my opinion, constitutes formal discovery interrupting the period of abandonment. Because the request for production of documents and the 10.1 conference constitute formal discovery deemed to be steps in the prosecution of the action, the trial court erred in finding the action to be abandoned.