# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 10-1392

THE LOUISIANA DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT

VERSUS

OILFIELD HEAVY HAULERS, L.L.C.,
ACE TRANSPORTATION, INC., DAVID
KYLE VINCENT, II, AND  LIBERTY
MUTUAL FIRE INSURANCE COMPANY

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO.  84,958, DIV. C
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Billy H. Ezell, and James T. Genovese, Judges.

Saunders, J., dissents with reasons.

**AFFIRMED.**

**James M. Bookter**
**Assistant General Counsel - Office of General Counsel**
**Post Office Box 94245**
**1201 Capitol Access Road, Room 303 A**
**Baton Rouge, Louisiana 70802**
**(225) 242-4612**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     The Louisiana Department of
     Transportation and Development

**Paul D. Gibson**
**Jason B. Boudreaux**
**W. Corey Grimley**
**Gibson, Gruenert & Zaunbrecher, P.L.L.C.**
**600 Jefferson Street, Suite 600**
**Post Office Box 3663**
**Lafayette, Louisiana 70502-3663**
**(337) 233-9600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Oilfield Heavy Haulers, L.L.C.**

**Dale P. Martin**
**Martin Law Firm**
**3721 Highway 90 East**
**Post Office Box 506**
**Broussard, Louisiana 70518**
**(337) 839-8814**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **David Kyle Vincent, II, Ace Transportation, Inc.**
    **and Liberty Mutual Fire Insurance Company**

**GENOVESE, Judge.**

Plaintiff, the Louisiana Department of Transportation and Development (DOTD), appeals the trial court's judgment denying its Motion to Vacate and Set Aside Order of Dismissal which dismissed DOTD's claims on the grounds of abandonment. For the following reasons, we affirm.

### FACTS

DOTD filed a lawsuit against Defendants for property damage allegedly done to two of its overpasses on Interstate 10 in Acadia Parish. DOTD asserted that a vehicle owned by Defendant, Oilfield Heavy Haulers, L.L.C. (OHH), leased to Defendant, Ace Transportation, Inc., insured by Defendant, Liberty Mutual Fire Insurance Company, and being driven by Defendant, David Kyle Vincent, II, caused the damage when the vehicle, which was carrying an oversized load, struck the overpasses in both the east and westbound lanes. Defendants filed responsive pleadings, including a cross-claim and third party demand by Ace Transportation, Inc., David Kyle Vincent, II, and Liberty Mutual Fire Insurance Company (collectively Ace).

On May 21, 2010, Ace filed an Ex Parte Motion and Order of Dismissal asserting that:

> no step has been timely taken in the prosecution or defense of this action for a period of three years after March 15, 2007[,] and, as such, this matter has been abandoned pursuant to the provisions of LSA-C.C.P. Article 561[,] and mover is entitled to and prays for an order of dismissal[.]

The order of dismissal was signed by the trial court on May 24, 2010.

DOTD then filed a Motion to Vacate and Set Aside Order of Dismissal on June 18, 2010. Following a hearing on September 27, 2010, the trial court denied DOTD's motion; a judgment consistent therewith was signed on October 5, 2010. DOTD appeals.

## ASSIGNMENTS OF ERROR

DOTD presents the following assignments of error for our review:

1.    The trial court erred in determining that the scheduling of a Rule 10.1[1] discovery conference is not a "step" in the prosecution or defense of an action.

2.    The trial court erred in determining that formal discovery responses by DOTD to [OHH] did not constitute a "step" in the prosecution or defense of an action.

3.    The trial court erred in its mis-application or non-application of the jurisprudence interpreting [Louisiana] Code of Civil Procedure Article 561.

## LAW AND DISCUSSION

The issue in this appeal concerns a question of law. The scope of appellate review for an issue of law is simply to determine whether the trial court's interpretative decision is legally correct. *Voisin v. International Companies & Consulting, Inc.*, 05-0265 (La.App. 1 Cir. 2/10/06), 924 So.2d 277, 279, *writ denied*, 06-1019 (La.6/30/06), 933 So.2d 132. An appellate court owes no deference to the legal conclusions of the trial court. *Jackson v. BASF Corp.*, 04-2777 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, 415, *writ denied*, 05-2444 (La.3/24/06), 925 So.2d 1231.

*Jackson v. Moock*, 08-1111, p. 4 (La.App. 1 Cir. 12/23/08), 4 So.3d 840, 843.

Louisiana Code of Civil Procedure Article 561(emphasis added) provides, in

---

[1]Louisiana District Court Rules, Rule 10.1 (emphasis added), prior to its 2009 amendment, provided as follows:

**Before filing any discovery motion**, the moving party **must** attempt to arrange a conference with the opposing party for the purpose of amicably resolving the discovery dispute. The conference may be conducted in person or by telephone. The discovery motion must include a certificate stating:

(a) that the parties have conferred in person or by telephone **as required by this rule** and the reasons why they were unable to agree; or

(b) that opposing counsel has refused to confer after reasonable notice.

If the court finds that opposing counsel has willfully failed to confer, or failed to confer in good faith, the court may impose sanctions.

pertinent part, as follows:

A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, **is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years**, unless it is a succession proceeding:

(a) Which has been opened;

(b) In which an administrator or executor has been appointed; or

(c) In which a testament has been probated.

. . . .

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

. . . .

B. **Any formal discovery as authorized by this Code and served on all parties** whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.

Ace contends that "[i]t is beyond dispute that this case was abandoned because no step in the prosecution or defense of this action was timely taken for over three (3)

3

years." Specifically, it argues that "[t]he last step sufficient to interrupt abandonment of this action was taken on March 15, 2007, when discovery was forwarded to DOTD by OHH."

To the contrary, DOTD asserts that the instant matter was not abandoned since "a step in the prosecution or defense of this action was taken on April 24, 2007, when counsel for [OHH] scheduled a discovery conference pursuant to [Louisiana District Court Rules,] Rule 10.1, and notified all parties, including counsel for Ace[.]" Alternatively, DOTD argues that its discovery responses sent to OHH on May 10, 2007, constituted a "step" sufficient to preclude abandonment of the action. We disagree.

We will first address the DOTD's discovery responses of May 10, 2007, relative to assignments of error numbers two and three. We note that DOTD states in brief that it "inadvertently failed to send a copy of its formal responses to counsel for the remaining [D]efendants." Conceding the fact that "it is . . . clear that the responses were not sent to *all* parties[,]" DOTD frames the relevant inquiry as whether "the failure to send a copy of formal discovery to the remaining [D]efendants, act[s] as a fatal flaw to the viability of the action[.]"

The language of La.Code Civ.P. art. 561(B) provides that "[a]ny formal discovery . . . served on all parties . . . shall be deemed to be a step in the prosecution or defense of an action." In this case, the discovery responses of May 10, 2007, admittedly were not served on all parties. Although DOTD characterizes the trial court as "adhering to a strict and rigid interpretation" of La.Code Civ.P. art. 561, the express requirements of the article itself and the jurisprudence interpreting same mandate the conclusion that the discovery responses were not sufficient to interrupt

4

abandonment given the lack of service on all parties. *See Stillman v. Bd. of Supervisors of S. Univ. and Agric. and Mech. Coll.*, 07-2107 (La.App. 1 Cir. 6/6/08), 992 So.2d 523; *Paternostro v. Falgoust*, 03-2214 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, *writ denied*, 04-2524 (La. 12/17/04), 888 So.2d 870; *Benjamin-Jenkins v. Lawson*, 00-958 (La.App. 4 Cir. 3/7/01), 781 So.2d 893, *writ denied*, 01-1546 (La. 9/14/01), 796 So.2d 681; and *Brister v. Manville Forest Prods.*, 32,386 (La.App. 2 Cir. 12/15/99), 749 So.2d 881. We, therefore, find no merit to assignments of error numbers two and three.

In its first assignment of error, DOTD argues that the trial court erred in finding that its scheduling of a discovery conference in accordance with Louisiana District Court Rules, Rule 10.1 (Rule 10.1 conference), did not constitute a "step" in the prosecution of the action sufficient to interrupt the period for abandonment. We disagree.

DOTD failed to timely respond to the discovery propounded by OHH on March 15, 2007. Thus, on April 24, 2007, the attorney for OHH forwarded correspondence to the attorney for DOTD advising that the responses were delinquent and that, pursuant to Rule 10.1, he would be contacting him on a given date and time "to conduct the necessary discovery conference[.]" DOTD argues that because of the mandatory language of the rule, "the scheduling of a discovery conference pursuant to Rule 10.1 is necessarily a prerequisite for filing a motion to compel discovery[.]" DOTD concludes, therefore, that the April 24, 2007 letter scheduling a Rule 10.1 conference was "necessarily a 'step' in the prosecution or defense of an action."

"'[E]xtrajudicial efforts,' such as informal discussions and correspondence between the parties, have uniformly been considered insufficient to constitute a step

5

for purposes of interrupting or waiving abandonment." *Jackson*, 4 So.3d at 844 (quoting *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 16 (La. 5/15/01), 785 So.2d 779, 790); *See also Naccari v. Namer*, 01-2410 (La.App. 4 Cir. 2/6/02), 809 So.2d 1157. In the instant matter, the April 24, 2007 letter is correspondence between the parties. While it was sent for purposes of complying with the rules of the district court, it is still tantamount to the employment of "extrajudicial efforts" at resolving outstanding discovery issues. The correspondence is not "formal discovery" under La.Code Civ.P. art. 561, and it is insufficient to constitute a "step" in the prosecution of the action. Therefore, this assignment of error is likewise without merit.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court denying The Louisiana Department of Transportation and Development's Motion to Vacate and Set Aside Order of Dismissal. We assess all costs of this appeal to The Louisiana Department of Transportation and Development and set the amount of those costs at $936.42, as required by La.R.S. 13:5112.

**AFFIRMED.**

THE LOUISIANA DEPARTMENT OF TRANSPORTATION AND
DEVELOPMENT

VERSES

OILFIELD HEAVY HAULERS, L.L.C.,
ACE TRANSPORTATION, INC., DAVID KYLE VINCENT, II AND
LIBERTY MUTUAL FIRE INSURANCE COMPANY

**SAUNDERS, Judge, dissents**

I feel that we should reverse the trial court. It is well established that La.Code Civ.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. *Rosier v. Benoit*, 09-1557 (La.App. 3 Cir. 5/5/10), 37 So.3d 1093. Here, I feel that the majority opinion is taking an approach that is too rigid with regard to the DOTD's discovery responses, and that OHH's letter can be construed as a "step" under La.Code Civ.P. art. 561.

The purpose behind La.Civ.Code art. 561 is to prevent the lingering of suits for a protracted time so as to vex or harass a defendant, not to dismiss suits whose plaintiffs have no intention of abandoning them based on a mere technicality. *La. Dept. of Transp. and Dev. v. Bayou Fleet, Inc.*, 09-1569 (La.App. 1 Cir. 4/28/10), 37 So.3d 1066, *writ granted*, 10-1215 (La. 7/2/10), 39 So.3d 585, *writ denied*, 10-1003 (La. 7/2/10), 39 So.3d 587. The dismissal the DOTD's entire action due to its inadvertent failure to serve each and every party with discovery responses is exactly in opposition to the purpose of La.Code Civ.P. art. 561 stated above. Clearly the DOTD did not intend to abandon the suit, nor did it let this suit linger in order to vex or harass any of the defendants.

In my view, the discovery responses, alone, should warrant reversing the trial court. However, I also feel that the letter sent by OHH can be construed as "any step in [a suit's] prosecution or defense." La.Code Civ.P. art. 561. A "step" is when an action taken by a party is intended to hasten a suit toward judgment. *Brown v. Sutherland Lumber, Inc.*, 10-469 (La.App. 3 Cir. 11/3/2010), __ So.3d __. Here, the letter by OHH not only intended to hasten the suit forward, it actually did hasten the suit forward, as DOTD answered the outstanding discovery albeit technically insufficient to interrupt abandonment according to the majority opinion. Affirmation of this case results in a situation where DOTD would likely have been in a stronger position relative to abandonment had it merely ignored OHH's letter and not answered the discovery. Then, more likely than not, OHH would have filed a motion to compel the answer of that discovery, thus interrupting abandonment.

Moreover, I agree with DOTD's position that the letter is a "step" due to the mandatory language of Rule 10.1. This letter was a necessary prerequisite for filing a motion to compel that clearly is a "step" under La.Code Civ.P. art. 561. Accordingly, I respectfully dissent.