607 So.2d 809 (1992)
Rose Goodie SASSAU
v.
LOUISIANA WORKOVER SERVICE, INC., et al.
No. 91 CA 1326.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
Writ Denied December 21, 1992.
*810 Karl W. Bengtson, Shelton & Legendre, Lafayette, for plaintiff-appellant Rose Goodie Sassau.
Thomas R. Hightower, Jr., Voorhies & Labbe, Lafayette, John L. Lanier, Pugh, Lanier & Pugh, Thibodaux, Robert N. Ryan, Stephen A. Mogabgab, Bienvenue, Foster, Ryan & O'Bannon, New Orleans, Henry G. Terhoeve, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, Patrick A. Juneau, Lafayette, for defendants-appellee's Louisiana Workover Service, Inc., United Gen. Ins. Co., Permian Eng. & Mfg. Co., Liberty Mut. Ins. Co. and Cooper Mfg. Corp.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
Plaintiff, Rose Goodie Sassau, appeals from a judgment maintaining a motion to dismiss for want of prosecution under LSA-C.C.P. art. 561, as to Permian Engineering & Manufacturing Corporation and its liability insurer, Liberty Mutual Insurance Company, defendants in the action, and dismissing her suit as to these defendants.

*811 FACTS
On May 11, 1978, the plaintiff's son, Ricky Paul Sassau, was killed in an accident when a truck mounted workover rig on which he was working collapsed. On May 10, 1979, the plaintiff filed the instant suit asserting claims of worker's compensation[1] and wrongful death. The plaintiff filed suit against the landowner and numerous other defendants, including her son's employer, Louisiana Workover Service, Inc.; the employer's liability insurer, United General Insurance Exchange; the manufacturer of the workover drilling rig, Cooper Manufacturing Corporation (Cooper); the manufacturer of a component part of the drilling rig, Permian Engineering & Manufacturing Corp. (PEMCO); and Permian's liability insurer, Liberty Mutual Insurance Company (Liberty Mutual).
Prior to trial in the instant suit, Cooper filed Chapter 11 proceedings in the United States Bankruptcy Court for the Northern District of Oklahoma. As a result of the filing, the proceedings before the trial court below were automatically suspended in accordance with 11 U.S.C. § 362. On February 11, 1985, upon motion of the plaintiff, the bankruptcy court modified the automatic stay, thereby allowing plaintiff to proceed with her pending tort action against Cooper and its liability insurer, Bercanus Insurance Company, Ltd.
On February 26, 1985, the plaintiff filed a motion to continue the trial previously set for April 1, 1985, on the ground that she was unable to proceed with discovery against Cooper until the stay order was modified on February 11, 1985. Plaintiff's motion was granted on February 27, 1985. Although, defendant Cooper thereafter filed several motions in the federal bankruptcy proceeding, no further steps were taken in the instant suit until February 22, 1991, when defendants PEMCO and Liberty filed a motion to dismiss plaintiff's suit for want of prosecution pursuant to LSA-C.C.P. art. 561. When the trial court granted the motion and denied plaintiff's subsequent motion for a new trial, plaintiff appealed.
The sole issue in this appeal is whether the actions taken before the bankruptcy court, by Cooper, constitute actions in furtherance of the claim in the instant suit sufficient to suspend the provisions of LSA-C.C.P. art. 561 as to the remaining defendants.
LSA-C.C.P. art. 561 provides that an action is abandoned "when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years...."
For the purpose of LSA-C.C.P. art. 561, a "step" in the prosecution or defense is taken when a party "takes formal action, before the court and on the record, intended to hasten the matter to judgment." Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983).
The plaintiff claims that steps in the defense of this claim were taken in the bankruptcy proceeding in the following particulars.[2] In late 1988, Cooper filed an objection to the claim of the plaintiff and a request for production of documents alleging that a Plan of Reorganization was confirmed in December of 1985. The plaintiff made no response to the objection and consequently *812 Cooper filed an Application for Order Disallowing Certain Claims, including the plaintiff's claim; the order was granted on June 8, 1989.
It is well settled that when any party to a lawsuit takes formal action in the trial court, it is effective as to all parties for the purpose of preventing abandonment. Delta Development Company Inc. v. Jurgens, 456 So.2d 145 (La.1984). However, the instant case presents the question of whether this rule can be extended to cover formal actions taken in a separate bankruptcy proceeding involving one of the defendants in the state court action.
The plaintiff contends that the Louisiana courts have recognized that steps taken in the prosecution of a claim in one of two parallel actions will serve to preserve both actions. In support of its position, the plaintiff cites Reed v. Pittman, 257 La. 389, 242 So.2d 554 (1970), Brumfield v. Varner, 561 So.2d 1376 (La.1990), and Home Indemnity Company v. Central Louisiana Electric Company, 384 So.2d 455 (La.App. 3d Cir.), writ denied, 392 So.2d 664 (La.1980). We believe the plaintiff's reliance on the cited cases is misplaced. In Reed the court held that where separate suits are consolidated for trial, steps in the prosecution or defense of one suit would constitute formal action in both suits sufficient to prevent the dismissal of the nonactive suit for lack of prosecution. Similarly in Brumfield, where a consolidation motion was filed and subsequently misfiled, the court permitted the actions taken in one suit to prevent the dismissal of the consolidated suit. In Home Indemnity, the court held that the filing of an intervention by a third party constituted formal action which interrupted the five year prescriptive period as to the original party's suit. We do not accept the plaintiff's attempt to equate consolidated state court proceedings, involving the same parties, with a state court proceeding and a federal bankruptcy proceeding involving only one of the state court defendants. Nor can we draw a parallel between the actions taken in the bankruptcy proceeding in the instant case and the intervention by a party to the state court proceeding. We believe that the cited cases are distinguishable from the instant case for obvious reasons, and we hold that the rationale of these cases should not be extended to the situation presented herein.
We find further support for our position in the federal jurisprudence which holds that a stay in bankruptcy as to one defendant has no effect on claims pending against a co-defendant in the same suit.[3]Wedgeworth v. Fibreboard Corp., 706 F.2d 541 (5th Cir.1983); GATX Aircraft Corporation v. M/V Courtney Leigh, 768 F.2d 711 (5th Cir.1985). Accordingly, the plaintiff was never precluded from proceeding in the state action against the remaining defendants. Moreover, the plaintiff requested and received a modification of the automatic stay for the purpose of proceeding against the debtor in the instant suit. Under the facts of the instant case we see no reason in law or equity to permit the actions taken by one defendant, Cooper, in a separate bankruptcy proceeding to constitute actions in furtherance of the claim in the instant suit sufficient to suspend the provisions of LSA-C.C.P. art. 561 as to the remaining defendants.
For the reasons set forth we affirm the trial court judgment dismissing plaintiff's suit against Permian Engineering & Manufacturing Corp. and Liberty Mutual Insurance Company. Costs of this appeal are to be paid by appellant.
AFFIRMED.
NOTES
[1] Plaintiff's suit for worker's compensation benefits against Louisiana Workover Service Inc. and United General Insurance Exchange was severed from plaintiff's wrongful death suit by order dated January 17, 1980.
[2] The plaintiff also alleges that further steps were taken in connection with the instant lawsuit with regard to the liquidation of United General Insurance Exchange and Bercanus Insurance Company, Ltd. In 1987 the plaintiff received a letter from the Texas State Board of Insurance informing her of the liquidation of United General Insurance Company. On October 29, 1987, the plaintiff filed a proof of claim against United General with the appointed receiver. Plaintiff also received a letter dated April 22, 1985, informing her of the pending liquidation of Bercanus Insurance Company. We find no merit in this argument. Notwithstanding the fact that these actions cannot be considered formal court action, we note that United General is the worker's compensation insurer of Louisiana Workover Service, Inc. and by order dated January 17, 1980, these defendants were severed from the instant lawsuit. It also appears that Bercanus was never made a defendant in the instant suit.
[3] We recognize that the bankruptcy court may grant a discretionary stay against nonbankrupt entities under its broad discretionary powers embodied in 11 U.S.C. § 105. Matter of S.I. Acquisition, Inc., 817 F.2d 1142, 1146 n. 3 (5th Cir.1987). Furthermore, the district court, in the interest of justice and in control of its docket, may grant a stay under its general discretionary power. However, the use of this authority calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545. We note that no party to the instant suit has applied, either to the bankruptcy court or to the district court, for a discretionary stay.