666 So.2d 1136 (1995)
Ronald D. MARTIN, Plaintiff-Appellee,
v.
Dennis DAVID, Cora David and Scottsdale Insurance Company, Defendant-Appellant (Scottsdale Insurance Company).
No. 95-1411.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1995.
Ronald C. Martin, pro se.
David Arthur Hurlburt, Lafayette, for Scottsdale Ins. Co.
P. Charles Calahan, pro se.
Glenda Huddleston, New Iberia, for Landry & Shea.
Before YELVERTON, THIBODEAUX and WOODARD, JJ.

*1137 MOTION TO STAY

THIBODEAUX, Judge.
Defendant-Appellant, Scottsdale Insurance Company, has filed a motion to stay the proceedings in the above captioned appeal. On May 8, 1995, a final judgment was rendered in the trial court in favor of Landry & Shea, intervenor, against Ronald C. Martin, P. Charles Calahan and Scottsdale Insurance Company, jointly, severally and in solido. Judgment was also rendered in favor of Scottsdale Insurance Company and against Ronald C. Martin and P. Charles Calahan, jointly, severally and in solido, for full and complete indemnity for all amounts Scottsdale Insurance Company is obligated to pay to Landry & Shea.
Appeals were filed by Scottsdale Insurance Company and P. Charles Calahan. On September 13, 1995, P. Charles Calahan filed a petition for bankruptcy under federal law. Based on P. Charles Calahan's filing of a petition for bankruptcy, defendant-appellant, Scottsdale Insurance Company, filed the instant motion to stay proceedings.
The motion to stay is based upon the following pertinent portions of 11 U.S.C.A. Sec. 362.
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of
(1) the commencement or continuation, including the issuance or employment of process, or a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
Based on the above provision, defendant-appellant seeks a stay of these proceedings.
In Pitts v. Unarco Industries, Inc., 698 F.2d 313 (7th Cir.1983), the court stated, "The clear language of Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to nonbankrupt co-defendants." In the instant case, the stay relates only to P. Charles Calahan.
Accordingly, defendant-appellant's motion to stay is granted as to the proceedings against P. Charles Calahan only.
MOTION GRANTED AS TO PROCEEDINGS AGAINST P. CHARLES CALAHAN ONLY.