STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

16-225


ROBERT RIDEAU

VERSUS

LOUISIANA FARM BUREAU
CASUALTY INSURANCE COMPANY AND
MITCHELL FAUL


**\*\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 84,144
HONORABLE MICHELLE BREAUX, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\*\***


JAMES T. GENOVESE
JUDGE


**\*\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery, Judges.


**AFFIRMED.**

**James S. Gates**
**Stephen M. Morrow**
**Morrow, Gates & Morrow, L.L.C.**
**613 South Main Street**
**Post Office Drawer 219**
**Opelousas, Louisiana 70571-0219**
**(337) 942-6529**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Robert Rideau**


**Jennifer L. Sinder**
**Abigail F. Gerrity**
**Galloway, Johnson, Tompkins, Burr & Smith**
**701 Poydras Street, 40th Floor**
**New Orleans, Louisiana 70139**
**(504) 525-6802**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **American Home Assurance Company**

**GENOVESE, Judge.**

Plaintiff, Robert Rideau, appeals the trial court's judgment granting his Motion to Dismiss for Abandonment filed by Defendant, American Home Assurance Company (American Home). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying personal injury action arises out of a motor vehicle accident which occurred on July 16, 2005, in Church Point, Louisiana. Mr. Rideau settled his claim against the tortfeasor, Mitchell Faul, and Mr. Faul's liability insurer, Louisiana Farm Bureau Casualty Insurance Company. At issue herein is Mr. Rideau's claim against American Home, the uninsured/underinsured motorist (UM) insurer of his employer, Coach American Group Holdings (Coach).

On May 22, 2015, Mr. Rideau filed a Motion to Enforce Settlement, alleging that "on May 1, 2015, [his counsel] transmitted to defense counsel[] an acceptance of an outstanding offer to settle the claim for $8,000.00" According to Mr. Rideau, American Home's offer "had been outstanding for in excess of two years" and "was never withdrawn." Mr. Rideau sought to enforce the settlement which he alleged American Home was seeking "to avoid paying[.]"

On June 2, 2015, American Home filed an Ex Parte Motion to Dismiss for Abandonment under the provisions of La.Code Civ.P. art. 561. American Home alleged that the last filing into the record of this matter was a Suggestion of Bankruptcy, filed by Coach on January 26, 2012.[1] In compliance with La.Code Civ.P. art. 561, American Home submitted with its motion an affidavit of its counsel of record attesting to the fact that no step in the prosecution or defense of the action had taken place during the three-year abandonment period.

---

[1]The Suggestion of Bankruptcy advised "of an automatic stay due to the Chapter 11 bankruptcy filing of [Coach]."

A hearing on the countervailing motions was held on July 27, 2015. The trial court granted American Home's Motion to Dismiss for Abandonment and dismissed Mr. Rideau's action with prejudice. The issue of Mr. Rideau's Motion to Enforce Settlement was rendered moot. A judgment to this effect was signed August 18, 2015. From said judgment, Mr. Rideau appeals.

## ASSIGNMENTS OF ERROR

Mr. Rideau assigns the following errors for our review:

1.      The [t]rial [c]ourt erred in failing to enforce the settlement agreement which had been extended in writing on six (6) occasions, had never been withdrawn, and was accepted in written form.

2.      The [t]rial [c]ourt erred in dismissing Plaintiff's case for abandonment, where the case had been stayed by bankruptcy, the defendant made a written settlement offer which was reiterated six (6) times, was never withdrawn, remained open throughout bankruptcy proceedings, was accepted in writing, and was the object of a Motion to Enforce Settlement at the time the Abandonment Motion was filed.

## STANDARD OF REVIEW

"On appeal, the trial court's determination of whether a 'step' in the prosecution of an action has been taken is a finding of fact which is subject to the manifest error standard of review. *Lyons v. Dohman*, 07-53 (La.App. 3 Cir. 5/30/07), 958 So.2d 771." *Roy v. Belt*, 13-1116, p. 4 (La.App. 3 Cir. 10/8/14), 149 So.3d 957, 961, *writ denied*, 14-2363 (La. 2/6/15), 158 So.3d 819.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 561 provides, in relevant part, as follows:

>       A.  (1) An action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. . . .
>
>             . . . .

(3)  This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.

In *Clark v. State Farm Mutual Automobile Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779, our supreme court held that La.Code Civ.P. art. 561 imposes three requirements on plaintiffs: (1) a party must take a step in the prosecution or defense of the litigation; (2) the step must be taken in the litigation and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party.  A step in the prosecution or defense "is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice." *Id*. at 784.

On appeal, Mr. Rideau seeks to reverse the dismissal of his claim and to ultimately enforce American Home's $8,000.00 settlement offer.  Mr. Rideau acknowledges receiving correspondence from American Home relative to its settlement offer on six occasions:  February 26, 2013; March 15, 2013; April 3, 2013; April 24, 2013; May 13, 2013; and, July 9, 2013.  He contends that he could not accept American Home's settlement offer because "the case had been stayed" by virtue of Coach's bankruptcy in January 2012.  In spite of this, and more than three years after the alleged stay, Mr. Rideau sent American Home a written acceptance of its offer to settle his claim on May 1, 2015.

American Home argues that the trial court properly dismissed Mr. Rideau's action.  It cites the first circuit's holding in *Jackson v. BASF Corp.*, 04-2777 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, *writ denied*, 05-2444 (La. 3/24/06), 925 So.2d 1231, for its contention that the automatic stay applied only to Coach.  As such, it contends that there was nothing preventing Mr. Rideau from either

3

accepting its settlement offer or taking a step in the prosecution of his action against American Home, which was not subject to the stay or a party in bankruptcy. We agree.

The record clearly establishes that Coach (not American Home) filed a Suggestion of Bankruptcy on January 26, 2012; that Mr. Rideau's written acceptance of the settlement offer was not sent until May 1, 2015; and, that three years had elapsed without a step being taken by Mr. Rideau in the prosecution of his case. Accordingly, we find the trial court properly granted American Home's Motion to Dismiss for Abandonment.

## DECREE

For the foregoing reasons, we affirm the trial court judgment in all respects. All costs are assessed against Plaintiff/Appellant, Robert Rideau.

**AFFIRMED.**