STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-1057

MARGARET FISK MUNRO, ET AL.

VERSUS

BRITISH AMERICAN OIL PRODUCING COMPANY, ET AL.

**********

ON REMAND FROM THE LOUISIANA SUPREME COURT
ON APPLICATION FOR SUPERVISORY WRITS FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-19049
HONORABLE PENELOPE Q. RICHARD, DISTRICT JUDGE

**********

BILLY H. EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy Howard Ezell, Judges.

AMY, J., dissents and assigns reasons.

WRIT DENIED.

Leonard L. Kilgore, III
Esteban Herrera, Jr.
Victor J. Suane, Jr.
Sam O. Lumpkin
Richard D. McConnell, Jr.
Kean Miller, LLP
Post Office Box 3513
Baton Rouge,   LA 70821
(225) 387-0999
COUNSEL FOR DEFENDANTS/RELATORS:
 Devon Energy Production LP
  as successor to Pennzoil Petroleum Company
 Pennzoil Exploration and Production Company
 PennzEnergy Exploration & Production Company


Alan J. Berteau
Charles S. McCowan, III
L. Victor Gregoire, Jr.
Kean Miller, LLP
Post Office Box 3513
Baton Rouge, LA   70821
(225) 387-0999
COUNSEL FOR DEFENDANTS/RELATORS:
 Chevron U.S.A., Inc.
 Gulf Oil Corporation
 Chevron USA as successor in interest of
  British American Oil Producing Company


Michael R. Phillips
Kean Miller, LLP
909 Poydras Street, Suite 1400
New Orleans, LA   70115
(504) 585-3050
COUNSEL FOR DEFENDANTS/RELATORS:
 Chevron U.S.A., Inc.
 Gulf Oil Corporation
 Chevron USA as successor in interest of
  British American Oil Producing Company


John E. W. Baay, II
J. Michael DiGiglia
Eric S. Charleston
Gieger, Laborde & Laperouse, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, LA   70139-4800
(504) 561-0400
COUNSEL FOR DEFENDANT/RELATOR:
 Nippon Oil Exploration USA Limited

**Seth B. Hopkins**
**Tanya E. Dugas**
**Raley & Bowick, LLP**
**1800 Augusta Drive, Suite 300**
**Houston, TX   77057**
**(713) 429-8050**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
   **Black Elk Energy Offshore Operations, LLC**

**J. Michael Veron**
**Alonzo P. Wilson**
**J. Rock Palermo, III**
**Turner D. Brumby**
**Veron, Bice, Palermo & Wilson, L.L.C.**
**Post Office Box 2125**
**Lake Charles,   LA 70602-2125**
**(337) 310-1600**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
   **Margaret Fisk Munro**
   **Barton Fisk**
   **Dianne Marie Fisk**
   **Audra Dawn Cabral**
   **Deena Greenhaw**

**Michael H. Schwartzberg**
**Shane Hinch**
**Vamvoras Schwartzberg & Associates, LLC**
**1111 Ryan Street**
**Lake Charles, LA   70601**
**(337) 433-1621**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
   **Margaret Fisk Munro**
   **Barton Fisk**
   **Dianne Marie Fisk**
   **Audra Dawn Cabral**
   **Deena Greenhaw**

**EZELL, Judge.**

Multiple defendants in an oilfield contamination lawsuit filed a joint motion to dismiss the Plaintiffs' suit against them due to abandonment under La.Code Civ.P. art. 561. The Plaintiffs opposed the motion to dismiss, asserting that a bankruptcy filing against one of the Defendants automatically stayed all state court claims against, not only the bankrupt Defendant, but the other Defendants as well. After the trial court denied the motion to dismiss, the Defendants, who moved for dismissal, filed an application for supervisory writs with this court. A panel of this court denied the application. The matter returns to this court upon remand by the Louisiana Supreme Court for briefing, argument, and a full opinion. Following that consideration, the Defendants' application for supervisory writs is denied.

## Factual and Procedural Background

The Plaintiffs[1] filed the petition instituting this claim in June 2012, alleging that the Defendant energy companies[2] damaged their Calcasieu Parish property in the course of conducting oil and gas exploration activities on the property pursuant to a lease that was repeatedly amended and assigned. The petition alleged that the Defendants were solidarily liable for the damages occasioned by alleged trespass and contamination of the property. Due to these purported actions, the Plaintiffs sought cancellation of the lease, compensatory damages, and exemplary damages. The Plaintiffs also advanced a cause of action pursuant to La.R.S. 30:29.

---

[1] The petition lists the plaintiffs as Margaret Fisk Munro (appearing through her court-appointed curator, Barton L. Munro), Dianne Marie Fisk, Barton Fisk, Deena Greenhaw, and Audra Dawn Cabral.

[2] The petition names the defendants in the action as: British-American Oil Producing Company; Gulf Oil Corporation; Chevron USA, Inc.; Pennzoil Petroleum Company; Pennzoil Exploration and Production Company; PennzEnergy Exploration and Production LLC; Devon Energy Production, LP; Nippon Oil Exploration USA Limited; and Black Elk Energy Offshore Operations, LLC.

The matter progressed initially with the trial court resolving exceptions filed by a number of the Defendants in December 2012. Thereafter, in September 2013, the Defendants answered the petition, doing so jointly. However, on August 19, 2015, attorneys for the present-day lessee, Black Elk Energy Offshore Operations, LLC, filed a "Notice of Bankruptcy Stay" (citation omitted) indicating that:

> [O]n August 11, 2015, an involuntary petition of bankruptcy was filed against Black Elk Energy Offshore Operations, LLC in the United States Bankruptcy Court, Southern District of Texas. . . . Pursuant to U.S.C. § 362(a), all creditors of the debtor(s) are stayed from any act, the commencement or continuation of any act, enforcement of any lien or judgment obtained against the debtor(s) or the property of their estate, or any court proceeding with respect to the enforcement of a lien or judgment against the debtor(s) or the property of their estate from and after the filing date of the bankruptcy petition, except as otherwise provided for by U.S.C. § 362(b).
>
> All claims asserted against Black Elk Energy Offshore Operations, LLC, including all claims for fraudulent transfer and to pierce the corporate veil, are assets of the bankruptcy estate and can only be prosecuted by the bankruptcy trustee.

The issue now under review was instituted on October 17, 2016, when the Defendants, other than Black Elk, (hereinafter "Movants")[3] filed a "Joint *Ex Parte* Motion and Incorporated Memorandum To Dismiss With Prejudice on Grounds of Abandonment." Therein, the Movants observed that more than three years had passed since September 23, 2013, the time that all Defendants filed their joint answer and affirmative defenses. The Movants asserted that "[n]o further step by the parties in the prosecution or defense of this action, including discovery, has occurred since" the filing of that answer. Notably, the Movants suggested that "the filing of notice of Black Elk's bankruptcy is not an action taken in the state district court and does not toll the prescriptive period for abandonment as to Movants."

---

[3] The motion was filed by Nippon Oil Exploration USA Limited, British American Oil Producing Company, Gulf Oil Corporation, Chevron USA, Inc., Pennzoil Petroleum Company, Pennzoil Exploration and Production Company, PennzEnergy Exploration and Production, LLC and Devon Energy Production, LP.

They contended that, although abandonment operates without order, a formal order of dismissal should be entered by the trial court upon ex parte motion of a party.

However, the trial court did not enter such a formal order, but instead denied the ex parte motion to dismiss, noting on the judgment, that it did so after considering both the motion and "Plaintiffs' Opposition[.]" Afterwards, the Movants filed a motion for new trial, which was set for hearing. At the hearing, the Movants first challenged the trial court's denial of the formal order upon filing of the ex parte motion pursuant to the procedure of La.Code Civ.P. art. 561. On the merits, the Movants pointed out the passage of three years since the filing of their answer and also argued that, although the matter was stayed as to Black Elk, it was not stayed as to them. In opposition, the Plaintiffs argued that the trial court must consider the matter stayed as to all Defendants, noting that Black Elk had assumed the defense for all of the Defendants and that all Defendants shared common counsel. The trial court denied the motion for new trial, finding that the parties were sufficiently intertwined so as to require the application of the bankruptcy stay to the entire proceeding.[4]

The Movants re-urged the motion to dismiss in an application for supervisory writs filed with this court. That application was denied by a panel of this court. *See Munro v. British American Oil Producing Co.,* 16-1057 (La.App. 3 Cir. 12/28/16) (an unpublished writ ruling wherein the majority of the panel ruled: "**<u>WRIT DENIED.</u>** We find no error in the trial court's ruling."). Subsequently,

---

[4] In ruling, the trial court cited jurisprudence on the issue of whether a bankruptcy stay interrupts the abandonment period against non-bankrupt defendants, before explaining:

> [T]he reason the Court denied the *ex parte* order originally is because of how the parties were intertwined, that one law firm represented all the defendants. So that's still the Court's thought that because of its experience with bankruptcy and the stay applying to the whole state proceeding normally generally [sic] agreed by the parties and because all the defendants were represented by Black Elk's counsel, the Court is going to stay with its original decision and deny the motion for a new trial.

3

on June 16, 2017, the Louisiana Supreme Court granted the Movants' application for supervisory writ filed before that court, ruling: "Granted. Remanded to the court of appeal for briefing, argument, and full opinion." *See Munro v. British American Oil Producing Co.*, 17-655 (La. 6/16/17).

Upon return to this court, the Movants assign the following as error in their brief to this court:

1. The district court erred by failing to recognize that the case had in fact been abandoned by operation of law pursuant to La. CCP art. 561.

2. The district court erred in denying the Joint *Ex Parte* Motion to Dismiss With Prejudice on Grounds of Abandonment (hereinafter "Joint Motion to Dismiss") when such a motion was filed pursuant to La. CCP art. 561 demonstrating that no parties had taken any steps in the prosecution or defense of the case over the prior three year period.

3. The district court erred by failing to enter a formal order of dismissal in response to the Joint Motion to Dismiss as required by La. CCP art. 561.

4. The district court also erred when it considered the Appellees' "Opposition" as a basis for the Denial of the Joint Motion to Dismiss (hereinafter "Denial") and failed to either ignore or strike the Appellees' "Opposition."

5. The district court erred when it ruled that the bankruptcy of defendant Black Elk Energy Offshore Operations, LLC ("Black Elk") stayed the entire case and served to interrupt the abandonment period with respect to Appellees' claims against the applicants.

**Discussion**

*Abandonment*

Louisiana Code of Civil Procedure Article 561 provides, in pertinent part, for the abandonment of a civil action in the trial court as follows:

A. (1) An action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:

4

(a) Which has been opened;

(b) In which an administrator or executor has been appointed; or

(c) In which a testament has been probated.

. . . .

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

. . . .

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

*See also Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779, (wherein the supreme court explained that Article 561 requires that: 1) a party takes some step in the prosecution or defense of the litigation; 2) the step, other than formal discovery, must appear in the record; and that 3) the step must have been taken place within three years of the last step taken by a party.).

On review, we are mindful that La.Code Civ.P. art. 561 "is to be liberally construed in favor of maintaining a plaintiff's suit." *Clark*, 785 So.2d at 785. Additionally, an appellate court considers a trial court's findings of fact as to

5

whether a step in the prosecution or defense of a case has been taken pursuant to the manifest error standard. *Gueldner v. Allstate Ins. Co.*, 09-720 (La.App. 3 Cir. 2/10/10), 30 So.3d 1143. However, the question of whether a particular, proven fact precludes abandonment is a question of law that is reviewed by considering whether the trial court's decision was legally correct. *Id.*

*Procedure*

We first address the Movants' assertion that the trial court erred in failing to enter the formal order of dismissal upon review of their ex parte motion to dismiss per La.Code Civ.P. art. 561(A)(3). Specifically, the Movants contend that the trial court erred in denying that motion after "considering Plaintiffs' Opposition" as inscribed by the trial court on the order denying the motion. Tracking La.Code Civ.P. article 561, the Movants suggest that the trial court was required to order the dismissal and, only upon a motion to set aside the dismissal as authorized by La.Code Civ.P. art. 561(4), could the trial court have considered the Plaintiffs' opposition.

On this point, we note that the record is unclear as to the sequence of events. The Movants' ex parte motion to dismiss was filed into the record on October 17, 2016, whereas the Plaintiffs' opposition thereto was filed into the record on October 6, 2016. At the hearing on the motion for new trial, the trial court explained that:

> In the past when someone has filed an *ex parte* order of dismissal under 561 and the other party has an objection to it, the Court has set that for a contradictory hearing at the request of the parties. By the plaintiffs submitting their opposition, I felt like the parties were agreeing to the Court deciding it based on the briefs because the defendants had filed a memorandum with their *ex parte* order. And given the law in Louisiana that courts do not grant *ex parte* orders unless the mover is clearly entitled to it by law, the Court felt that I could review all of the briefing by the parties and make a decision, and that's what the Court did.

6

So that's the reason I denied the *ex parte* order in – maybe in violation of how Code of Civil Procedure 561 is actually written.

Despite the lack of procedural clarity in the preliminary stages of this matter, it is clear that the trial court differed in its legal interpretation as to the significance of the Notice of Bankruptcy. In this regard, the affidavit attached to the motion to dismiss represented that:

> [A] Notice of Bankruptcy Stay was filed on or about August 19, 2015 on behalf of Black Elk Energy Offshore Operations, LLC. However, the filing of a bankruptcy is not an action taken in the state district court and the filing of such bankruptcy notice does not toll the prescriptive period for abandonment as to the non-bankrupt defendants who are the Movants in the accompanying Joint *Ex Parte* Motion.

In any event, and whether the matter was resolved by the trial court at the time of the motion for new trial or whether it did so at the time of the motion to dismiss, it is clear that the trial court ultimately determined that the Movants' affidavit failed to demonstrate that no step in the prosecution or defense of the action had been taken in three years. Thus, we turn to consideration of the correctness of the trial court's legal conclusion that the federal bankruptcy stay issued as to the case against Black Elk tolled the prescriptive period for abandonment against the remaining, non-bankrupt Defendants as well.

*Merits*

On the merits, we note that the Movants' reference the filing of the Defendants' answer on September 23, 2013, as the date of the last step in the prosecution or defense of the case for abandonment purposes. Their motion to dismiss was filed October 17, 2016. In contrast, the Plaintiffs contend that upon receipt of the notice of the automatic stay order issued in favor of Black Elk pursuant to 11 U.S.C. § 362, they were unable to take further action in the present state court case until resolution of the bankruptcy proceedings in federal court. To

7

do otherwise, the Plaintiffs contend, required them to choose between abandonment or the chance of violating the federal bankruptcy stay.

There are two exceptions to the abandonment rule as set forth in La.Code Civ.P. art. 561. One of the exceptions applies when a defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. *Clark*, 785 So.2d 779. The second exception, which is relevant to the present case, is based on the concept of contra non valentem and applies when the failure to prosecute is caused by circumstances which are beyond the plaintiffs' control. *Id*.

With regard to the federal bankruptcy stay, 11 U.S.C. § 362 states, in pertinent part:

> **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> > **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

Significantly, in this case, the bankruptcy proceedings relate only to Black Elk, the bankrupt debtor, whereas the remaining Defendants, the Movants, are not parties to those federal proceedings. Thus, as posed by the parties, the question presented by this motion to dismiss is whether the stay issued in favor of Black Elk can be viewed as extending to the proceeding against the Movants for abandonment purposes.

This court has held that "[t]he filing of a federal bankruptcy petition operates as an automatic stay under 11 U.S.C. § 362 that prevents creditors from commencing or continuing judicial or administrative proceedings against the

8

debtor." *Ring Const., LLC v. Chateau Des Lions,* LLC, 05-568, p. 6 (La.App. 3 Cir. 12/30/05), 918 So.2d 1172, 1176, *writ denied*, 06-584 (La. 5/5/06), 927 So.2d 325. Although the automatic stay imposed by Section 362 normally applies to a party or parties filing bankruptcy, federal jurisprudence has held that that an automatic stay in bankruptcy court may be extended to non-bankrupt codefendants in exceptional situations, explaining as follows:

> This "unusual situation," it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute.

*A.H. Robins Co., Inc., v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251 (1986).

Plaintiffs contend that Black Elk was obligated to defend and is providing a defense for its Codefendants in the instant case. Furthermore, pursuant to an agreement between the parties, Black Elk undertook the representation of all parties and has agreed to indemnify the other Defendants if an adverse judgment is rendered against them. Thus, Plaintiffs maintain any efforts that they would have taken to advance the case against Black Elk's Codefendants, i.e. Movants, would have resulted in a violation of the automatic stay because the assets of the bankruptcy estate would have been depleted either by the payment of attorney fees or other litigation costs or the payment of an adverse judgment.

The claims against Black Elk and its Codefendants are so intertwined that the trial court properly concluded that the bankruptcy stay applied to Movants as well. The bankruptcy proceedings filed by Black Elk combined with its agreement to defend and indemnify its non-bankrupt Codefendants provided justification for

Plaintiffs' failure to take steps in the prosecution of the case against the non-bankrupt Codefendants.

On that basis, we conclude that the trial court did not err in rejecting the Movants' claim of abandonment.

## DECREE

For the foregoing reasons, the application for supervisory writs filed by the Movants/Relators, Nippon Oil Exploration USA Limited, British American Oil Producing Company, Gulf Oil Corporation, Chevron USA, Inc., Pennzoil Petroleum Company, Pennzoil Exploration and Production Company, PennzEnergy Exploration and Production, LLC and Devon Energy Production, LP, is denied. The trial court's Judgment of October 14, 2016, and its Judgment on Defendants' Motion for New Trial of December 15, 2016, are affirmed.

Costs of this proceeding are assessed to the Defendants/Relators, Nippon Oil Exploration USA Limited, British American Oil Producing Company, Gulf Oil Corporation, Chevron USA, Inc., Pennzoil Petroleum Company, Pennzoil Exploration and Production Company, PennzEnergy Exploration and Production, LLC and Devon Energy Production, LP.

**WRIT DENIED.**

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

MARGARET FISK MUNRO, ET AL.

VERSUS

BRITISH AMERICAN OIL PRODUCING COMPANY, ET AL.

AMY, J., dissenting.

I respectfully dissent from the majority opinion as I would grant the instant writ application.

I first note that a panel of this court recently addressed the issue now before the court in *Rideau v. Louisiana Farm Bureau Cas. Ins. Co.*, 16-225 (La.App. 3 Cir. 9/28/16), 201 So.3d 410 and concluded that the automatic stay of proceedings against a bankrupt debtor provided in 11 U.S.C. § 362 does not automatically extend to a bankrupt defendant's non-bankrupt co-defendants. In *Rideau*, the plaintiff settled his personal injury claims as to the tortfeasor and his insurer, but had outstanding claims against the plaintiff's employer and its insurer, American Home. The employer thereafter filed a "Suggestion of Bankruptcy" in January 2012. In June 2015, American Home filed an *ex parte* motion to dismiss on grounds of abandonment, which the trial court granted. *Id.* While the plaintiff alleged that he was prevented from moving forward with his claim against American Home as "'the case had been stayed' by virtue of Coach's bankruptcy in January 2012[,]" the panel rejected that argument. *Id*. at 413. Instead, the *Rideau* panel affirmed the dismissal, noting its agreement with American Home's contention that "there was nothing preventing Mr. Rideau from either accepting its settlement offer or taking a step in the prosecution of his action against American Home, which was not subject to the stay or a party in bankruptcy." *Id*.

2

In doing so, the *Rideau* panel referenced the first circuit's decision in *Jackson v. BASF Corp.*, 04-2777 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, *writ denied*, 05-2444 (La. 3/24/06), 925 So.2d 1231, a decision again factually similar to this matter. In *Jackson*, the plaintiffs filed a class action suit in December 1999, in which Borden Chemical, Inc. was name as a defendant. In April 2001, Borden Chemical filed for bankruptcy, and in October 2004, the remaining, non-bankrupt co-defendants filed an *ex parte* motion to dismiss due to abandonment. Although the trial court initially dismissed the plaintiffs' claims, the trial court subsequently vacated its ruling and reinstated the plaintiffs' claims as to the non-bankrupt co-defendants. *Id.* The first circuit initially denied the non-bankrupt co-defendants' writ application; however, the supreme court granted the writ application in that court and remanded the matter to the first circuit for briefing, argument, and opinion. *Id.*

On remand in *Jackson*, 927 So.2d 412, the first circuit granted the writ application and reinstated the trial court's initial order of dismissal. The first circuit pointed out that the case involved no questions of fact as all parties agreed that the last step in the prosecution took place over three years prior to the filing of the motion to dismiss. *Id.* Similar to the plaintiffs' contention in this case, the plaintiffs in *Jackson* argued that they were "excused from taking action" against both the bankrupt defendant and non-bankrupt co-defendants as a result of the automatic stay. *Id.* at 416. However, the first circuit explained that:

> The[re] [are] only two categories of causes outside the record [that] satisfy the jurisprudential exceptions to the abandonment rule: (1) a plaintiff-oriented exception, based upon *contra non valentem*, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception based upon acknowledgement that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with intent to treat the case as abandoned. *Clark,* 00-3010 at p. 7, 785 So.2d at 784-85.
>
> Plaintiffs contend that they fall within the ambit of these exceptions due to the automatic stay issued in the bankruptcy case of other co-defendants in Delaware, pursuant to XI USC § 362. Pursuant to

3

La.Code Civ. P. art. 561, it is the plaintiff's burden to prove the applicability of one of these exceptions.

Federal law provides that the automatic stay authorized by XI USC § 362 applies only to the bankrupt party and does not apply to non-bankrupt co-defendants. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983). It is well settled in this circuit that the bankruptcy of a co-defendant does not relieve a plaintiff from taking steps in the prosecution of his case against the remaining defendants within the time period prescribed by La.Code Civ. P. art. 561. *See Sassau v. Louisiana Workover Service, Inc.*, 607 So.2d 809, 812 (La.App. 1 Cir.1992), *writ denied*, 609 So.2d 259. Plaintiffs did not introduce any evidence to suggest that the automatic stay issued by the Delaware bankruptcy court extended protection to the non-bankrupt co-defendants in the instant case, BASF and Phil C. Greeson. Plaintiffs further failed to introduce any evidence that defendants, BASF and/or Phil Greeson, waived their rights to assert abandonment or took actions inconsistent with an intent to treat the case as abandoned. Therefore, we conclude that plaintiffs failed to carry their burden and prove an exception to the abandonment rule pursuant to La.Code Civ. P. art. 561, and set forth in *Clark*, 00-3010 at p. 7, 785 So.2d at 784-85. We further conclude that the trial court committed legal error by issuing its Order of December 14, 2004, that set aside its Order of October 6, 2004, and reinstated plaintiffs' cause of action against the defendants, BASF and Phil C. Greeson.

*Id.* at 416-17.

In my opinion, the reasoning of both *Rideau* and *Jackson* is compelling in the present matter. The Notice of Bankruptcy in this case specifically applied only to Black Elk. I also point out that, in addition to the fact that 11 U.S.C. § 362(a)(1) (emphasis added) specifically stays "a judicial . . . proceeding *against the debtor*[,]" federal jurisprudence further indicates that the stay does not extend to non-bankrupt defendants. *See, e.g., GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711 (5th Cir. 1985); *Wedgeworth*, 706 F.2d 541.

Additionally, in *Martin v. David*, 95-1411 (La.App. 3 Cir. 12/7/95), 666 So.2d 1136, a panel of this court referenced such federal jurisprudence regarding the extension of the federal bankruptcy stay in its refusal to extend the stay to the co-defendants before it. In *Martin*, the trial court rendered a judgment in favor of an intervenor and against the defendants, further holding that two of the three defendants were liable for "full and complete indemnity" to the other defendant, Scottsdale

4

Insurance Company, for any amount it was obligated to pay to the intervenor. *Id.* at 1137. Scottsdale and one other defendant appealed. *Id.* While the appeal was pending, one of the defendants responsible for indemnifying Scottsdale filed for bankruptcy, and Scottsdale sought a stay of the proceedings on that basis. *Id.* A panel of this court granted the motion to stay only as to proceedings against the bankrupt defendant: "In *Pitts v. Unarco Industries, Inc.*, 698 F.2d 313 (7th Cir.1983), the court stated, 'The clear language of Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to nonbankrupt co-defendants.' In the instant case, the stay relates only to [the bankrupt defendant.]" *Id.* at 1137. *See also Capitol House Pres. Co., L.L.C. v. Perryman Consultants, Inc.*, 08-0367 (La.App. 1 Cir. 8/28/09), 47 So.3d 408, *writ denied*, 09-2638 (La. 2/12/10), 27 So.3d 856, *cert. denied*, 562 U.S. 831, 131 S.Ct. 104 (2010).

Although federal jurisprudence has found that the automatic stay may be extended to co-defendants in "unusual situations," I do not conclude that the present matter presents such a situation. *See A.H. Robins Co., Inc., v. Piccinin*, 788 F.2d 994 (4th Cir. 1986), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251 (1986). In *A.H. Robins*, the Fourth Circuit explained:

> This "unusual situation," it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute.

*Id*. at 999. Further, regarding jurisdiction, "even though a nonbankruptcy court cannot terminate, annul, modify, or condition the automatic stay, it can determine that the automatic stay does not apply, or the extent to which it does apply, to a matter before that court." *In re Franklin*, 179 B.R. 913, 925 (U.S. Bankruptcy Court, E.D.

California 1995). In *In re Coho Resources, Inc.*, 345 F.3d 338, 345 (5th Cir. 2003) (footnotes omitted), the Fifth Circuit explained that:

> State courts . . . routinely rule on the applicability of a bankruptcy stay or permanent injunction to state judicial proceedings. In *Overbey v. Murray,* the Mississippi Supreme Court explained that 'courts of this state have jurisdiction to determine whether a pending action is stayed by a ruling of the bankruptcy court,' yet cautioned that state courts should 'consider deferring close questions involving the applicability of exceptions to the automatic stay' to the bankruptcy court.

Yet, *Coho* did not involve a state court's extension of a stay to a co-defendant.

As far as the application of the theory *contra non valentem*, I note that the plaintiffs rely on *Wolf Plumbing, Inc. v. Matthews*, 47,822, 47,825 (La.App. 2 Cir. 9/25/13), 124 So.3d 494, *writ denied*, 13-2510, 13-2516 (La. 1/17/14), 130 So.3d 949, 950. In that case, and applying the theory of *contra non valentem*, the second circuit found that the abandonment period was suspended while a bankruptcy stay had been in effect against the principal defendant/third party plaintiff. However, *Wolf Plumbing* was not one involving extension of a bankruptcy stay to co-defendants. Moreover, the principal defendant/third party plaintiff filed a motion to lift the stay with the bankruptcy court and did so prior to the conclusion of the abandonment period as it applied to the defendants in her own third party proceeding. *Id.*

Regarding the bankruptcy court's lift of the stay in *Wolf Plumbing*, 124 So.3d at 500, the second circuit explained:

> The bankruptcy judge clearly considered the entire state court case to be under his control. He was reluctant initially to lift the stay, but did lift the stay for plaintiff, Wolf Plumbing, to proceed, as well as for the debtor to proceed with her reconventional and third party demands. The bankruptcy judge further required that Matthews is to give half of the net proceeds she recovers to the trustee for the benefit of her creditors.
>
> The bankruptcy court's inherent power to exercise control over all assets of a bankrupt debtor in order to maximize the recovery available to his or her creditors requires the finding in this case. The trial court correctly recognized that judicial efficiency as well as equity principles, together with applicable federal precepts and policy considerations underlying Louisiana's abandonment rule, dictated the implication of the *contra non valentem* exception to abandonment under these facts and circumstances. Accordingly, we find the claims in this case were stayed

6

until the appropriate motion for relief from the stay was granted by the bankruptcy court.

Yet, in this case, I see no indication that the plaintiffs pursued available avenues to safeguard their claim against the non-bankrupt defendants during the period prior to abandonment. Notably, they did not pursue an extension of the bankruptcy matter in the federal proceeding. Nor did they seek a stay as to Black Elk's co-defendants in the underlying state matter. Thus, at no time prior to the expiration of the period of abandonment set forth by La.Code Civ.P. art. 561 did the plaintiffs seek relief in this regard. Accordingly, I do not find that circumstances outside of the plaintiffs' control precluded them from prosecuting their claim against the movants, so as to warrant application of the *contra non valentem* exception to abandonment. *See Clark*, 785 So.2d 779.

For these reasons, I conclude that the trial court erred in rejecting the movants' claim of abandonment as more than three years expired following the final step in the prosecution or defense of this matter. I would, therefore, grant the writ application, entering a judgment of dismissal pursuant to La.Code Civ.P. art. 561.