AMY, J., dissenting. hi respectfully dissent from the majority opinion as I would grant the instant writ application. I first note that a panel of this court recently addressed the issue now before the court in Rideau v. Louisiana Farm Bureau Cas. Ins. Co., 16-225 (La.App. 3 Cir. 9/28/16), 201 So.3d 410-and .concluded that the automatic stay - of proceedings against a bankrupt debtor- provided in 11 U.S.C. § 362 does -not automatically extend to a bankrupt defendant’s non-bankrupt co-defendants. In Rideau, the plaintiff settled his personal injury claims as, to the tortfeasor and his insurer, but had outstanding claims against the plaintiffs employer and its insurer, American Home. The employer thereafter filed a “Suggestion of Bankruptcy” in January 2012. In June 2015, American Home filed an ex parte motion to dismiss oh grounds of abandonmént, which the trial court granted. Id. While the plaintiff alleged that he was prevented from moving forward'with his claim against American Home as “ ‘the case had been stayed’ by virtue of Coach’s bankruptcy in January 2012[,]” the panel rejected 'that argument. Id. at 413. Instead, the Rideau panel affirmed the dismissal, noting.its agreement with American Home’s contention that “there was nothing preventing Mr, Rideau from either accepting its settlement offer or taking a step in the prosecution of his action against American Home, which was not subject to thé stay or a party in bankruptcy.” Id. |2In doing so, the Rideau panel referenced the first circuit’s decision in Jackson v. BASF Corp., 04-2777 (La.App. 1 Cir. 11/4/05), 927 So.2d 412, writ denied, 04-2444 (La. 3/24/06), 925 So.2d 1231, a decision again factually similar to this matter. In Jackson, the plaintiffs filed a class action suit in December 1999, in which Borden Chemical, Inc. was name as a defendant. In April 2001, Borden Ghemical filed for bankruptcy, and in October 2004, the remaining, non-bankrupt co-defendants filed an ex parte motion to dismiss due to abandonment. Although the trial court initially dismissed the plaintiffs’ claims, the trial court subsequently vacated its ruling and reinstated the plaintiffs’ claims as to the non-bankrupt co-defendants. Id. The first circuit initially denied the non-bankrupt co-defendants’ writ application; however, the supreme court granted the writ application in that court and remanded the matter to the first circuit for briefing, argument, and opinion. Id. On remand in Jackson, 927 So.2d 412, the first circuit granted the writ application and reinstated the trial court’s initial order of dismissal. The first circuit pointed out that the case involved no questions of fact as all parties agreed that the last step in the prosecution took place over three years prior to the filing of the motion to dismiss. Id. Similar to the plaintiffs’ contention in this case, the plaintiffs in Jackson argued that they were “excused from taking action” against both the bankrupt defendant and non-bankrupt co-défendants as a result of the automatic stay. Id. at 416. However, the first circuit explained that: The[re] [are] only two categories of causes outside the record [that] satisfy the jurisprudential exceptions to the abandonment rule: (1) a plaintiff-oriented exception, based upon contra non valentem, that applies,when failure to prosecute is caused by circumstances beyond the plaintiffs control; and (2) a defense-oriented exception based, upon acknowledgement that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with intent to treat the case as abandoned. Clark, 00-3010 at p. 7, 785 So.2d at 784-85. Plaintiffs contend that they fall within the ambit of these exceptions due to the automatic stay issued in the bankruptcy case of other co-defendants in Delaware, pursuant to XI USC § 362. Pursuant to RLa.Code Civ. P. art. 561, it is the plaintiffs burden to prove the applicability of one of these exceptions. . Federal law provides that the automatic stay authorized by XI USC § 362 applies only to the bankrupt party and does not apply to nonbankrupt co-defendants. Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir.1983). It is well settled in this circuit that the bankruptcy of a co-defendant does not relieve a plaintiff from taking steps in the prosecution of his case against the remaining defendants within the time period prescribed by La.Code Civ. P. art. 561. See Sassau v. Louisiana Workover Service, Inc., 607 So.2d 809, 812 (La.App. 1 Cir. 1992), writ denied, 609 So.2d 259 (La. 1992). Plaintiffs did not introduce any evidence to suggest that the automatic stay issued by the Delaware bankruptcy court extended protection to the non-bankrupt co-defendants in the instant case, BASF and Phil C. Greeson. Plaintiffs further failed to introduce any evidence that defendants, BASF and/or Phil Greeson, waived their rights to assert abandonment or took actions inconsistent with an intent to treat the case as abandoned. Therefore, we conclude that plaintiffs, failed to carry-their burden and prove an exception to the abandonment rule pursuant to La.Code Civ. P. art. 561, and set forth in Clark, 00-3010 at p. 7, 785 So.2d at 784-85. We further .conclude that the trial court committed legal error by issuing its Order of December 14, 2004, that set aside its Order of October 6, 2004, and reinstated plaintiffs’ cause of action against the defendants, BASF and Phil C. Greeson. Id. at 416-17. In my opinion, the reasoning of both Rideau and Jackson is compelling iri the present matter. The Notice of Bankruptcy in this ease specifically applied only to Black Elk. I also point out that, in addition to the fact that 11 U.S.C. § 362(a)(1) (emphasis added) specifically stays “a judicial ... proceeding against the debtor[,]” federal jurisprudence further indicates that the stay does not extend to non-bankrupt defendants. See, e.g., GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711 (5th Cir. 1985); Wedgeworth, 706 F.2d 541. Additionally, in Martin v. David, 95-1411 (La.App. 3 Cir. 12/7/95), 666 So.2d 1136, a panel of this court referenced such federal jurisprudence regarding the extension of the federal bankruptcy stay in its refusal to extend the stay to the codefen-dants before it. In Martin, the trial 'court rendered a judgment in favor of an inter-venor and against the'defendants, further holding that two of the three defendants were liable for “full and complete indemnity” to the other defendant, Scottsdale |4Insurance Company, for any amount it was obligated to' pay to the intervenor. Id. at 1137. Scottsdale and one other defendant appealed. Id. While the appeal was pending, one of the defendants responsible for indemnifying Scottsdale filed for bankruptcy, and Scottsdale sought a stay of the proceedings On that basis'. Id. A panel of this court granted thé motion to stay only as to proceedings against the bankrupt defendant: “In Pitts v. Unarco Industries, Inc., 698 F.2d 313 (7th Cir.1983), the court stated, ‘The’ clear language of Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to nonbank-rupt codefendants.’. In the instant case, the stay relates only to [the bankrupt defendant.]” Id. at 1137. See also Capitol House Pres. Co., L.L.C. v. Perryman Consultants, Inc., 08-0367 (La.App. 1 Cir. 8/28/09), 47 So.3d 408, writ denied, 09-2638 (La. 2/12/10), 27 So.3d 856, cert. denied, 562 U.S. 831, 131 S.Ct. 104, 178 L.Ed.2d 30 (2010). Although federal jurisprudence has found that the automatic stay may be extended to co-defendants in “unusual situations,” I do not conclude that the present matter presents such a situation. See A.H. Robins Co., Inc., v. Piccinin, 788 F.2d 994 (4th Cir. 1986), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). In A.H. Robins, the Fourth Circuit explained: This “unusual situation,” it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute. Id. at 999. Further, regarding jurisdiction, “even though a nonbankruptcy court cannot terminate, annul, modify, or condition the automatic stay, it can determine that the automatic stay does not apply, or the extent to which it does apply, to a matter before that court.” In re Franklin, 179 B.R. 913, 925 (U.S. Bankruptcy Court, E.D. California 1995). In In re Coho Resources, Inc., 345 F.3d 338, 345 (5th Cir. 2003) (footnotes omitted), the Fifth Circuit explained that: State courts ... routinely rule on the applicability of a bankruptcy stay or permanent injunction to state judicial proceedings. In Overbey v. Murray [569 So.2d 303 (Miss.1990) ], the Mississippi Supreme Court explained that ‘courts of this state have jurisdiction to determine whether a pending action is stayed by a ruling of the bankruptcy court,’ yet cautioned that state courts should ‘consider deferring close questions involving the applicability of exceptions to the automatic sta^ to the bankruptcy court. Yet, Coho did not involve a state court’s extension of a stay to a co-defendant. As far as the application of the theory contra non valentem, I note that the plaintiffs rely on Wolf Plumbing, Inc. v. Matthews, 47,822, 47,825 (La.App. 2 Cir. 9/25/13), 124 So.3d 494, unit denied, 13-2510, 13-2516 (La. 1/17/14), 130 So.3d 949, 950. In that case, and applying the theory of contra non valentem, the second circuit found that the abandonment period was suspended while a bankruptcy stay had been in effect against the principal defendant/third party plaintiff. However, Wolf Plumbing was not one involving extension of a bankruptcy stay to co-defendants. Moreover, the principal defendant/third party plaintiff filed a motion to lift the stay with the bankruptcy court and did so prior to the conclusion of the abandonment period as it applied to the defendants in her own third party proceeding. Id. Regarding the bankruptcy court’s lift of the stay in Wolf Plumbing, 124 So.8d at 500, the second circuit explained: The bankruptcy judge clearly considered the entire state court case to be under his control. He was reluctant initially to ■lift the stay, but did lift the stay for plaintiff, Wolf Plumbing, to proceed, as well as for the debtor to proceed with her reconventional and third party demands. The bankruptcy judge further required that Matthews is to give half of the net proceeds she recovers to the trustee for the benefit of her creditors. The bankruptcy court’s inherent power to exercise control over all assets of a bankrupt debtor in order to maximize the recovery available to his or her creditors requires the finding in this case. The trial court correctly recognized that judicial efficiency as well as equity principles, together with applicable federal precepts and policy considerations underlying Louisiana’s abandonment rule, dictated the implication of the contra non valentem exception to abandonment under these facts and circumstances. Accordingly, we find the claims in this case were stayed |fluntil the appropriate motion for relief from the stay was granted by the bankruptcy court. Yet, in this case, I see no indication that the plaintiffs pursued available avenues to safeguard their claim against the non-bankrupt defendants during the period pri- or to abandonment. Notably, they did not pursue an extension of the bankruptcy matter in the federal proceeding. Nor did they seek a stay as to Black Elk’s co-defendants in the underlying state matter. Thus, at no time prior to the expiration of the period of abandonment set -forth by La.Code Civ.P. art. 561 did the plaintiffs seek relief in this regard. Accordingly, I do not find that circumstances outside of the plaintiffs’ control precluded them from prosecuting their claim against the mov-ants, so as to warrant application of the contra non valentem exception to abandonment. See Clark, 785 So.2d 779. For these reasons, I conclude that the trial court erred in rejecting the movants’ claim of abandonment as more than three years expired following the final step in the prosecution or defense of this matter. I would, therefore, grant the writ application, entering a judgment of dismissal pursuant to La.Code Civ.P. art. 561.